2:06CV231-T

PETITIONER'S MEMORANDUM IN SUPPORT OF PETITION

This is a petition for writ of habeas corpus, filed under 28 U.S.C.2254(d).The Petitioner files this action in relation to an alleged parole revocation proceeding that did not meet the requirement of Morrissey v Brewer,408 U.S. 471.The Petitioner will state the facts upon which He relies and support the same with undisputed evidence and other materials.Thus, this writ.

FACTUAL STATEMENT

The Petitioner James Edward Body, hereinafter known as the petitioner.was lawfully released on parole on the 3rd. day of April 2000.On the 5th. day of march, the Petitioner was falsely arrested for the offenses of(1).Unlawful possession of a controlled substance to-wit cocaine.(the alleged cocaine turned out to be baking powder).(2).Trafficking in marijuana.(this marijuana was found in another person's car parked outside the street)(3).possession of marijuana.(the marijuana, was seen being thrown down by a person who ran on the petitioner's property when they saw the police.and(4).Person forbidden from having a firearm.(the firearm, belonged to another person who lived in the petitioner's Home).

The Parole officials claimed by these acts, the petitioner violated condition seven.(I,WILL NOT VIOLATE THE LAW.).On the 8th. day of April, 2003, the petitioner was called to a hearing before Honorable Louis F.Grimes, who is a parole Board member.See.Brooks v Hooks,cv- -840.United States District Court.Md.of Alabama.On said date, the parole officer presented the hearsay testimony of Corporal Roy Cuthkelvin, who claimed that he was present when the alleged items was found.

The petitioner presented evidence by his retained counsel, that this officer's version was untrue and it was further shown that the charges made the bases of the parole violation was dismissed based on false evidence.see. exibit_ l__.The Petitioner stated that the testimony given at his preliminary hearing was false and based on hearsay.On the 14th. day of may 2003, the board claimed to have had a final hearing, in which they never bothered to notify the petitioner or his counsel.

The Petitioner will point out, that in finding him guilty. The hearing officer made a big deal out of him having an attorney present and made it seem that he had violated the law by having an attorney represent him in parole revocation proceeding.

The Petitioner states that the record shows that at no time did the respondents give him notice of a final hearing. On said date, the board stated that they relied on the parole violation report and the testimony given by the parole officer. The officers who claimed to have found the alleged evidence never showed up at any of the alleged hearings. After the board entered a final order to revoke the petitioner's parole. The board set the petitioner off For reconsideration for the year 2007. ( 4 years for an offense that was found to be false).

In making their ruling to revoke the petitioner's parole. The board stated the following as resons:
(1). That the petitioner told the deputies that was not at the hearing that he turned the drugs into cash. (this was not said).
(2). That the parole officer stated that there was a conversation between the petitioner and his Son over the jail phone, as to where other drugs was hide. (no such tapes was admitted at the hearing).
(3) That the petitioner has served time in prison for this same type crime.
(4). That the Mobile Police department want him off the streets.

The petitioner states that at his final hearing. There was no testimony from any witnesses having personal knowledge of the facts of the cases and therefore his revocation was based on unreliable hearsay.

On the 14th. day of feb. 2005, the petitioner filed a valid petition for writ of certiorari in the circuit court of montgomery county. The petitioner alleged that he was denied due process of law when he was revoked from parole based on hearsay. That he was denied the right to confront and cross examine adverse witnesses at both hearings. and that he was denied a copy of the final ruling of the parole board.
On the 13th. day of may 2005. The state filed a response to the petition. stating that the petitioner was not denied due process and that he had no right to a final hearing or the ruling of the board.

The circuit court denied the writ stating that the petiioner was not denied his rights under Morrissey v Brewer, 408 U.S.471. On the 29th. day of June, the petitioner filed a timely notice of appeal. On the /6// day of Feb ,2005, the petitioner filed a timely application for rehearing. On the /6// day of Feb. 2006. The court of criminal appeals denied the same.

On the 24th. day of Oct.2005. The petitioner files a timely writ of certiorari in the Alabama Supreme Court. On the 10th. day of feb.2006, the Alabama supreme Court denied the writ without opinion.

After exhausting all available State remedies. The petitioner now petitions this court.

GROUND ONE
"THE PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN HE WAS REVOKED FROM PAROLE BASED ON HEARSAY BY THE MOBILE POLICE DEPARTMENT.

The Petitioner states that under Morrissey v Brewer ,408 U.S.471, the United States Supreme Court held that a parolee has the right to the following:
(1).24 hours written notice of the claimed violation of parole.
(2)Disclosure of the evidence to be used against the parolee.
(3).The opportunity to be heard and to present evidence and witnesses favorable to him.
94).The right to confront and to cross-examine adverse witnesses.
(5).A nutrual and detached hearing officer such as a parole officer.
(6).A written statement by the factfinder as to the evidence relied on and reasons for revocation.
based on the facts and statement as to the evidence relied on. The petitioner was denied due process of law.

In this case, the Petitioner was brought up on parole violation charges based on the hearsay statements of Officer Cuthkelvin who stated that he was present when other officers said they found illegal drugs in the petitioner's house.At the petitioner's preliminary hearing held at the mobile county jail.None of the officers who stated that they found drugs or guns appeared .

Upon completion of the hearing.The Heraing officer stated that he made his finding based on the following:
(1).That the petitioner's attorney pled him not guilty to the charges.
(2).That the mobile county sheriff's department served a warrent on the petitioner house and was said to have found. 1 eight ball of cocaine in a bed room.(this turned out to be baking powder.(2). 2 grams of powder cocaine in another bed room.(this also was not cocaine.(3).2 ounce of marijunana in the garage.The police saw another person throw it there when they pulled up.(4).The police claimed to have found 28 pounds of marijuana.The marijuana was found in a car driven by a person unknown to the petitioner that was being followed by the police and parked in front of the petitioner's house.(5).Also the police claimed to have found 27,278.00 in cash in a safe at the home of the petitioner.(6). And the police said they found two 45.caliber hand guns in two bed rooms.(7).The hearing officer went on to rely on statements that there was audio tapes of the petitioner making statements to his son as to other drugs at the home.

The petitioner will point out that there was no tapes or statement from anyone who heard this statement about other drugs submitted at the hearing.Also there was no testimony from an independant witness who stated that the petitioner was convicted of this same type offense in the past.Further there was no testimony from any state or federal prosecutor which showed that the petitioner was going to be prosecuted for drugs that was not his as well as baking powder which was said to be cocaine.And lastly, the hearing acted as hearing officer and material witness in this case.He stated that the mobile police department wanted the petitioner off the streets and the only way was a parole revocation proceeding because there was not enough evidence to support a criminal charge.see affidavit of James E.Body.

HEARSAY EVIDENCE USED VIOLATED DUE PROCESS OF LAW

The petitioner states that he was denied due process of law when the board relied on hearsay statement of Officer Cuthkelvin, who stated that at the time of the alleged search.He was told that Corporal Blackwell, found 27,278.00 in currency in the petitioner's home.At the time of the search, he never stated where he was at the time this was said to have been found.He further stated that Deputy Law found a tours 45. caliber hand gun in a bedroom.Also a Glock 45.caliber was said to have been found by Corporal Blackwell.Further he never state who found 2 ounces of marijuana and 2 grams of cocaine.He further stated that Deputy Walker told him that he questioned the petitioner and the petitioner stated that he had sold drugs and turned it into cash.No one testified to this at either hearing.

The respondents further stated that Deputy Housenecht, stated that he found 28 pounds of marijuana in the trunk of a car that pulled up while they were there.These people never testified at any hearing. The petitioner states that pursuant to the due process requirements of Wolff v McDonnell,418 U.S.539 and the requirements of Morrissey v Brewer,408 U.S.471.The petitioner have the absolute right to confront and cross examine adverse witnesses at his preliminary and final hearings.see.Code of Alabama 1975 title 15-22-32,In this case, none of the facts testified too was based on personal knowledge.The record shows that there was no way this officer could have been in all these places at the same time when all this evidence was being found.And the facts that after a lab test was conducted on the so-called cocaine.It turned out to be baking powder that was being used for other purposes.

DUE PROCESS WAS VIOLATED WHEN THE PETITIONER WAS DENIED A TRUE AND CORRECT COPY OF THE CHARGES AGAINST HIM AT THE FINAL HEARING.

---

The petitioner states that he was denied the right to 24 hours notice of the charges against him that was to be submitted to the parole board at his final hearing.The petitioner states that the hearing officer knew that he had counsel representing him and that said counsel had already established that the deputy who testified at the hearing was involved in crimes himself.see.News paper

article exibit __2__. The petitioner states that the parole revocation proceeding contained facts and evidence that was not known to the petitioner at the first hearing and he was denied the right to challenge the false claims.

In the finding of fact and other parts of the decision making process. The hearing officer relied on an alleged tape of the petitioner telling his son of other drugs in the house and how to dispose of them. The petitioner states that at no time was he charged with conspircy or any statement as the evidence of such tapes was made in the original charges of parole violation. Further, no tapes was played at the hearing to allow the petitioner to object or challenge the same. This alone, violates the petitioner's rights to due process under Wolff v McDonnell, and Morrissey v Brewer.

The petitioner will also point out that he was not charged in any parole violation proceeding with being charged with this same type crime in the past. And no one testified that the petitioner was a major drug dealer in mobile county nor did anyone testify that the mobile police or any where state that they wanted the petitioner off the streets. These facts was used to revoke the petitioner's parole. The fact remains clear, the respondents only revoked the petitioner's parole because he was advised by counsel to not make any statements.

## VIOLATION OF DUE PROCESS AT THE FINAL HEARING.

The petitioner states that he has a right to 24 hours notice of the final hearing. In this case, the respopndents claims that on the 14th. day of May 2003, they held an open public hearing and that the board revoked the petitioner parole. Again, pursuant to morrissey v Brewer,408 U.S.471. The respondents attempts to over rule the united states supreme court on the requirement of two hearings. In Johnson v State,729 so.2d.897(ala.1997). The alabama supreme court stated that it is a violation of due process of law when a petitioner's parole is revoked based on hearsay. Also, it was held that parolees have a right to be heard at their final hearing.

Per advise of the legal division of the alabama board of pardons and paroles, if the board continues to deny parolees their say at final hearings. The courts will accept this practice and deny petitions attacking the same. see Al Jay Lockett v State,

WEATHER THE STATE COURT"S RULING IS CONTRARY TO AND IS AN UNREASONABLE APPLICATION OF FEDERAL LAW AS STATED BY THE UNITED STATES SUPREME COURT.(WILLIAMS V TAYLOR,___L.ed 2d.___(_____).Also see 28 U.S.C.2254(d)(1)(2).

The Petitioner states that all through the state court proceedings.The courts has held that when a parolee is revoked from parole based on hearsay, this violates due process of law.see.Grace v State,677 so.2d.881(ala.cr.app.1996) Johnson v State,729 so.2d.897(ala.1997) Ellard v Alabama Bd.of pardons and paroles,928 F.2d.378(11th.cir.1991).Morrissey v Brewer,408 U.S.471.

The Petitioner states that when he was first brought up on these parole violation charges, he stated that he had done nothing wrong.He retained an attorney because he knew how the board violates paroles without no evidence.The petitioner was charged with having marijuana that the police saw other people throw on his property.Also a car that was being followed pulled up in front of the petitioner's house during the alleged search.And the police charged him with what was in said car even though the petitioner did not know this person.

Further, the alleged cocaine that was said to have been found.Turned out to be baking powder and not cocaine as alleged.The guns that was found belonged to the petitioner's Daughter and a friend who lived therein.Based on these facts which was proven at the hearing.There was no violation of parole as to violating the law.The state claimed that they can revoke parole when there is evidence of criminal conduct by the parolee.

In Morrissey v Brewer,408 U.S.471.The due process requirements is (1).24 hours notice.In this case, there was no notice of a tape recording,(2).Police who wanted the petitioner off the streets(3) or a final hearing and the revocation proceedings used therein.
based on these violations, the petitioner's revocation is contrary to and is a unreasonable application of federal law as stated by the united states supreme court.
(2).The Morrissey v Brewer,408 U.S.471 requirements states that the petitioner is entitled to the right to confront adverse witnesses.



A review of the record, the court will see that the petitioner was not allowed to confront deputy blackwell,deputy law,Deputy Housenecht,or anyone who alleges they tested the alleged drugs.The evidence shows that at the preliminary hearing, these witnesses did not appear and the only testimony as to what they said they found was by an officer who was proven to be dirty.see.exibit ___1___.

The petitioner further states that under Wolff v McDonnell, 418 U.S.539,and Morrissey v Brewer,408 U.S.471.The petitioner had a right to 24 hours notice of the final hearing.At no time was the petitioner given notice of a open public hearing.The state courts stated that since the petitioner received a copy of the hearing officer's findings when he filed his petition several years later.This met the requirements of Morrissey v Brewer.408 U.S.471.The petitioner states that no one in this world can be that stupid.How can the petitioner defend his rights at a hearing he didn't know about or to challegen information he saw for the first time in 2005.

Under the contrary to and unreasonable application of federal law.This case is a classic case of how unconstitutional this parole revocation proceeding was.

WHEREFORE, PREMISES CONSIDERED.The petitioner files this action and seek reinstatement to parole pursuant to Heck v Humphrey,129 L.ED.2d.___(1994).

VARIFICATION OF PETITION

I,James Edward Body, states that I have filed this petition with the interest of obtaining release from unlawful detention in the state of alabama prison stystem.

SWORN TO THIS THE __7__ DAY OF _MAR_ 2006.

_James E Body_
PETITIONER

_Donald Simmons_
NOTARY PUBLIC

DONALD SIMMONS
Notary Public, AL State at Large
My Comm. Expires Aug. 3, 2009

MY COMMISSION EXPIRES

CC/JEB

**BRISKMAN & BINION, P.C.**
LAWYERS
205 CHURCH STREET
MOBILE, ALABAMA

DONALD M. BRISKMAN
MACK B. BINION
CHRIST N. COUMANIS
CHRISTOPHER A. AKINS

OF COUNSEL
SARAH JANE LINDSAY

MAILING ADDRESS
P.O. BOX 43
MOBILE, ALABAMA 36601

TELEPHONE
251-433-7600

FAX
251-433-4485

November 30, 2004

Board of Pardons and Parole
301 South Ripley St.
P. O. Box 302405
Montgomery, AL 36130-2405
Attention: Field Service

RE:  James Edward Body
     AIS #144883

Gentlemen:

I represent James Edward Body. His parole was revoked on May 14, 2003. The revocation was occasioned by his arrest. At the time of his arrest, it is my information that there were no drugs found on Mr. Body's person, in his vehicle or, circumstances that would support him otherwise having possession of drugs.

On November 18, the matter was set for the hearing before Judge Lockett, Circuit Court Judge of Mobile County on matters pending before the court arising out of this arrest.

At that time, the State was unable to go forward with its prosecution and advised the Court. The Motion to Dismiss made by the undersigned was granted and the pending charges against Mr. Body were dismissed. I am enclosing copy of the Case Action Summary reflecting the dismissal.

Accordingly, given the absence of a conviction and an arrest for charges which were not factually supportable, I respectfully move and request that the Board readmit Mr. Body to parole.

Respectfully submitted,

BRISKMAN & BINION, P.C.

DONALD M. BRISKMAN
DMB/aks
c:   James Body

Ex. D

# Lawman suspended for having sex with informant

▶ Sheriff's corporal was once named Deputy of the Year

**By SUSAN DAKER**
Staff Reporter

A Mobile County sheriff's corporal once cited as Deputy of the Year was suspended for 30 days this year for having sex with a woman identified in Personnel Board records as being an FBI drug informant, documents show.

Sheriff Jack [...] that Roy Cuthkelvin, 45, admitted that he "willfully and inappropriately had a sexual relationship," with the woman on or about Oct. 10, 2004.

Cuthkelvin, who a sheriff's office spokeswoman said is now in the department's civil section, could not be reached for comment Wednesday.

At the time of the relationship, the woman was awaiting court proceedings on a drug arrest made by the sheriff's office; she was also helping with an ongoing drug investigation, according to a letter from Tillman included in Cuthkelvin's Personnel Board file.

"We consider the charges very serious," said Christina Bowersox, the sheriff's spokeswoman. Cuthkelvin acknowledged the severity of the departmental charges as well in pleading guilty to them,

Please see [...] Page 4A ▶

# Corporal hit with 30-day suspension

▶Continued from Page 1A

Bowersox said.

Cuthkelvin was found to be guilty of conduct unbecoming an employee in the public service and disorderly or immoral conduct.

Cuthkelvin, a member of the FBI Violent Crimes Task Force when the incident took place, allegedly denied the relationship to FBI Assistant Special Agent-in-Charge Bill Lewis and Sheriff's Lt. Michael Reynolds on or about Oct. 14, a letter said.

Cuthkelvin left the task force — a group of federal, state and local law enforcement agents who work out of the FBI office — on or about Oct. 25, said Craig Dahle, FBI spokesman in Mobile.

"I can't comment on what, if any, impact he would have had on any cases," Dahle said. Any decisions about whether a member of the task force should be removed is up to the agency they work for, he said.

Dahle said "it was troublesome," that a woman was labeled as an FBI informant in a public document on file at the Mobile County Personnel Board. He said he could not comment on whether a person is an informant or not.

The sheriff's spokeswoman said Wednesday that the department erred in naming the informant in the document and will take immediate steps to have the name stricken.

On Aug. 13, sheriff's deputies executed a warrant to search the informant's home, and the woman was arrested for possession of cocaine, records show. In a signed deposition, Deputy Clinton Law said the informant claimed that some of cocaine in the home belonged to her.

A man was arrested during the search and charged with obstructing justice by using a false identify and with possession of cocaine, records show.

In November, the case against the Prichard woman was nol prossed, meaning a decision was made not to prosecute the charges, according to court records.

Bowersox said she did not believe Cuthkelvin's involvement with the informant affected the outcome of the state case against her because he was not involved in her arrest. Cuthkelvin began his suspension without pay Jan. 1, according to the records.

One of Tillman's letters to Cuthkelvin said, "You are admonished that any further acts of misconduct on your part will be dealt with most severely and may result in your being dismissed for cause."

In addition to being named Deputy of the Year in 2001, Cuthkelvin, an 11-year veteran of the department and a former Marine, received other awards for his service.

He was shot during a raid of a methamphetamine lab in Theodore in 2002, the Register reported then. Cuthkelvin was hit in the groin, suffered no major injuries and was discharged from the hospital the day after the shooting, the Register reported.

In connection with the shooting, Gerald Eugene Bennett of Theodore was convicted in federal court of several charges, including attempted murder of a law enforcement officer and conspiring to manufacture meth, records show. Bennett was sentenced to 34 years in federal prison.

In December 2003, Bennett also pleaded guilty in Mobile County Circuit Court to the attempted murder of Cuthkelvin and was sentenced to 10 years in prison to be served concurrently with the federal sentence, the Register reported.