VOL 1 of 1

COURT OF CRIMINAL APPEALS NO. _____ CR 04-2042

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF ___MONTGOMERY___ COUNTY, ALABAMA

CIRCUIT COURT NO        CV 2005-652

CIRCUIT JUDGE        WILLIAM SHASHY

Type of Conviction/ Order Appealed From:        PETITION FOR WRIT OF CERTIORARI

Sentence Imposed:

Defendant Indigent:   ☑ YES   ☐ NO

## JAMES E. BODY (AIS# 144883)

**NAME OF APPELLANT**

PRO SE
(Appellant's Attorney)                                    (Telephone No.)

Easterling Correctional Facility - 200 Wallace Dr.
(Address)

Clio                AL                36017-2615
(City)              (State)            (Zip Code)

v.

Al. Board of Pardons & Paroles

**NAME OF APPELLEE**

(State represented by Attorney General)

NOTE:  If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


EXHIBIT
1

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY.................................................................    1-2

PETITION FOR WRIT OF CERTIORARI..........................................    3-16

AFFIDAVIT OF SUBSTANTIAL HARDSHIP – GRANTED.........................    17-19

ANSWER AND MOTION TO DISMISS...................................................    20-42

APPLICATION TO CLERK FOR ENTRY OF DEFAULT AND SUPPORTING
AFFIDAVIT.........................................................................................    43-46

OBJECTION AND MOTION FOR IMMEDIATE HEARING REQUESTED.........    47-49

OBJECTION AND REQUEST FOR IMMEDIATE HEARING.........................    50-53

PLAINTIFF'S SUBPOENA REQUEST FORM..........................................    54-58

MOTION TO QUASH SUBPOENA – GRANTED.....................................    59-61

FINAL ORDER ................................................................................    62-64

FINAL ORDER.................................................................................    65-67

NOTICE OF APPEAL.........................................................................    68

REPORTER'S TRANSCRIPT ORDER.....................................................    69

DOCKETING STATEMENT.................................................................    70-71

APPEAL TRANSMITTAL.....................................................................    72

CERTIFICATE OF COMPLETION.........................................................    73

```
---------------------------------------------------------------
| AVSO351                                    CV 2005 000652.00 |
|                                                             |
|                               JUDGE: WILLIAM A. SHASHY      |
| ----------------------------------------------------------- |
|                    ALABAMA JUDICIAL DATA CENTER             |
|                       CASE ACTION SUMMARY                   |
|                          CIRCUIT CIVIL                      |
| ----------------------------------------------------------- |
|  IN THE CIRCUIT  COURT OF MONTGOMERY    COUNTY              |
|                                                             |
|    JAMES EDWARD BODY VS PARDONS & PAROLE OF AL              |
|  FILED:  03/10/2005 TYPE: PAROLE HOLD      TYPE TRIAL: NON-JURY  TRACK: |
|                                                             |
| *********************************************************** |
|  DATE1:  05/23/2005  CA:   DISM W/O PREJ  CA DATE:  07/01/2005 |
|  DATE2:  06/30/2005  AMT:          $.00  PAYMENT:          |
|  DATE3:                                                     |
| *********************************************************** |
|  PLAINTIFF  001: BODY JAMES EDWARD                         |
|                  AIS 144883                                 |
|                  200 WALLACE DR.           ATTORNEY: *** PRO SE *** |
|                  CLIO, AL  36017-2615                      |
|                  PHONE: (334)000-0000                      |
|  ENTERED:  03/10/2005 ISSUED:           TYPE:              |
|  SERVED:           ANSWERED:            JUDGEMENT: 06/24/2005 |
| ----------------------------------------------------------- |
|  DEFENDANT  001: PARDONS & PAROLE BOARD STATE OF ALABAMA   |
|                  % GREGORY O GRIFFIN     ATTORNEY: GRIFFIN GREGORY O |
|                  500 MONROE ST           GRI026   SIRMON STEVEN M |
|                  MONTGOMERY, AL  36130-0000               |
|                  PHONE: (334)000-0000                     |
|  ENTERED:  03/10/2005 ISSUED: 04/11/2005 TYPE:   SHERIFF  |
|  SERVED:  04/13/2005 ANSWERED: 05/13/2005 JUDGEMENT: 06/24/2005 |
| ----------------------------------------------------------- |
```

|            |                                                  |        |
|------------|--------------------------------------------------|--------|
| 03/10/2005 | FILED THIS DATE: 03/10/2005                      | (AV01) |
| 03/10/2005 | ASSIGNED TO JUDGE: WILLIAM A. SHASHY             | (AV01) |
| 03/10/2005 | CASE ASSIGNED STATUS OF: ACTIVE                  | (AV01) |
| 03/10/2005 | BENCH/NON-JURY TRIAL REQUESTED                   | (AV01) |
| 03/10/2005 | ORIGIN: INITIAL FILING                           | (AV01) |
| 03/10/2005 | BODY JAMES EDWARD ADDED AS C001                  | (AV02) |
| 03/10/2005 | LISTED AS ATTORNEY FOR C001: PRO SE              | (AV02) |
| 03/10/2005 | PARDONS & PAROLE BOARD STATE OF ALABAMA ADDED AS D |      |
| 03/10/2005 | LISTED AS ATTORNEY FOR D001:                     | (AV02) |
| 03/10/2005 | HARDSHIP AFF FILED                               |        |
| 04/06/2005 | SET FOR: TRIAL - BENCH ON 05/23/2005 AT 0900A   |        |
| 04/11/2005 | SHERIFF ISSUED: 04/11/2005 TO D001              | (AV02) |
| 04/21/2005 | SERVICE OF SERVED PERSON ON 04/13/2005 FOR D001 |        |
| 05/16/2005 | LISTED AS ATTORNEY FOR D001: GRIFFIN GREGORY O  |        |
| 05/16/2005 | LISTED AS ATTORNEY FOR D001: SIRMON STEVEN M    | (AV02) |
| 05/16/2005 | ANSWER OF MOTION DISMIS ON 05/13/2005 FOR D001  |        |
| 05/17/2005 | PLTF APP TO CLERK FOR ENTRY OF DEFAULT &        |        |
| 05/17/2005 | ...SUPPORTING AFFIDAVIT                          |        |

```
------------------------------------------------------------------
                ALABAMA JUDICIAL DATA CENTER
                  CASE ACTION SUMMARY
                     CIRCUIT CIVIL
------------------------------------------------------------------
IN THE CIRCUIT  COURT OF MONTGOMERY      COUNTY

JAMES EDWARD BODY VS PARDONS & PAROLE OF AL
FILED:  03/10/2005 TYPE: PAROLE HOLD        TYPE TRIAL: NON-JURY  TRACK:

*****************************************************************
DATE1:  05/23/2005  CA:   DISM W/O PREJ  CA DATE:   07/01/2005
DATE2:  06/30/2005  AMT:          $.00  PAYMENT:
DATE3:
*****************************************************************
   05/26/2005    PLTFS OBJECTION & MOTION FOR IMMEDIATE HEARING

   05/26/2005    ...REQUESTED

   05/27/2005    SET FOR: HEARING ON 06/30/2005 AT 0130P    (AV01)

   06/14/2005    PARDONS & PAROLE'S MO TO QUASH SUBP

   06/21/2005    ORDER GRANTING PARDONS & PAROLES MO TO QUASH

   06/21/2005    ...SUBP

   06/27/2005    OBJECTION & REQUEST FOR IMMEDIATE HEARING

   07/07/2005    CASE ASSIGNED STATUS OF: DISPOSED          (AV01)

   07/07/2005    COURT ACTION JUDGE: WILLIAM A. SHASHY      (AV01)

   07/07/2005    DISPOSED ON: 06/24/2005 BY (JUDG/PLEADINGS) (AV01)

   07/07/2005    C001 DISPOSED BY (JUDG/PLEADINGS) ON 06/24/2005

   07/07/2005    D001 DISPOSED BY (JUDG/PLEADINGS) ON 06/24/2005

   07/07/2005    DISPOSED ON: 07/01/2005 BY (DISM W/O PREJ)  (AV01)

   07/11/2005    APPEALED ON: 06/29/2005 IN COURT OF CRIMINAL APPEA  w/out Forms
```

07|11|05, Appl. Transmittal To Crm. Appls, AG, DA, Court Reporters & Def w/ Forms

7-14-05, Forms Filed

```
------------------------------------------------------------------
DBH   07/11/2005                                CV 2005 000652.00
```

CV06-652   3

<table>
<tr><td>State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99</td><td><b>COVER SHEET</b><br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases)</td><td>Case Number<br>[C][V][ ][ ][ ][ ][ ][ ]. [ ][ ]<br>Date of Filing:                Judge Code:<br>[ ][ ] [ ][ ] [ ][ ][ ][ ]  [ ][ ][ ][ ][ ]<br>Month   Day   Year</td></tr>
</table>

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _MONTGOMERY COUNTY_, ALABAMA
(Name of County)

_JAMES EDWARD Body_  # 144883  v. _ALABAMA BOARD OF PARDONS + PAROLES_
Plaintiff                Defendant

**First Plaintiff**   ☐ Business  ☑ Individual   **First Defendant**   ☐ Business  ☐ Individual
                      ☐ Government ☐ Other                              ☑ Government ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other: _PAROLE Hold_

**TORTS: PROPERTY INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☑ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

FILED CIRCUIT COURT OF MONTGOMERY COUNTY 2006 MAR 10 AM 10:46

**ORIGIN** *(check one)*:  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER: _____
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☐ MONETARY AWARD REQUESTED   ☑ NO MONETARY AWARD REQUESTED

ATTORNEY CODE: [ ][ ][ ][ ][ ]  Date _____   _James E Body_
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA,

JAMES EDWARD BODY
    Petitioner

v.

STATE OF ALABAMA
BOARD OF PARDONS &PAROLE
    RESPONDENTS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. ~~CV DS 428~~
TO BE ASSIGNED BY CLERK

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 MAR 10 AM 10: 52

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 FEB 16 PM

PETITION FOR WRIT OF CERTIORARI
TO THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA

COMES NOW THE PETITIONER JAMES BODY, AND PETITIONS THIS HONORABLE COURT FOR A WRIT OF CERTIORARI IN THE ABOVE STYLED CASE.

THE PETITIONER QUESTIONS THE PROCEDURAL DUE PROCESS,JUDGMENT,AND FACT FINDIING OF THE RESPONDENTS,STATE OF ALABAMA BOARD OF PARDONS AND PAROLE WHERE IN THE BOARDS ORDERED THE PETITIONER'S PAROLE REVOKED ON May 14,2003 .
OR HE COULD HAVE BEEN REINSTATED AFTER HE WAS PROVEN INNOCENT OF THE ALLEDGE VIOLATIONS.

THE PETITIONER RESPECTFULLY REQUEST THAT AFTER A PRELIMINARY EXAMINATION,THE WRIT OF CERTIORARI BE GRANTED,AND THAT THIS COURT PROCEED UNDER THE LAWS AND RULES GOVERNING THE MATTERS COMPLAINED OF AND TO REVERSE THE JUDGMENT OF THE BOARD OF PARDONS AND PAROLE.

JURISDICTIONAL STATEMENT

A PETITION FOR A WRIT OF CERTIORARI FILED IN THE CIRCUIT COURT IS THE CORRECT METHOD TO CHALLENGE AN ADMINISTRATIVE BOARDS RULINGS. IN THE ABSENCE OF THE RIGHT TO APPEAL,OR OTHER ADEQUATE REMEDY. THE WRIT OF CERTIORARI LIES TO REVIEW THE RULINGS OF AN ADMINISTRATIVE BOARD OR COMMISSION. See; ELLARD V. STATE 474 So. 2d 743,748 (AL.CR.APP. 1984).

VENUE OF ACTION

ALL ACTIONS WHERE THE PRISON SYSTEM OR THE STATE ON ACCOUNT OF THE PRISON SYSTEM IS IN INTERESTED PARTY MUST BE COMMENCED IN MONTGOMERY COUNTY IN THE COURT HAVING JURISDICTION OF THE AMOUNT INVOLVED.

ISSUE FOR REVIEW

(1).THE FINAL HEARING COURT DENIED THE PETITIONER HIS CONSTITUTIONAL RIGHT GUARNTEED HIM BY THE UNITED STATES CONSTITUTIONAL 14th AMENDMENT. THE PETITIONER WAS NEVER ADVISED OF HIS RIGHTS UNDER THE DUE PROCESS CLAUSE:(P.B. FORM 104 "Rev. 9-99")

(2) AT THE PETITIONER'S FINAL HEARING THE PETITIONER WAS NEVER GIVEN THE OPPORTUNITY FOR EFFECTIVE REBUTAL OF THE ALLEGATIONS.(DOCUMENTED EVIDENCE).

(3).AT THE PETITIONER'S FINAL HEARING THE PETITIONER WAS DENIED THE RIGHT TO CROSS EXAMIN AND CONFRONT HIS ACCUSER LEAVING THE FINAL COURT TO BASE THEIR DECISION ON HEARSAY EVIDENCE.

(4).THE PETITIONER WAS DENIED THE PROCEDURAL DUE PROCESS UNDER THE 14th AND EQUAL PROTECTION WHEN THEY COMMITTED NOT NEW OFFENSE (BOARDS REASONS FOR THE PETITIONER WAS DENIED PROCEDUAL DUE PROCESS UNDER THE 14th AMEND.AS WELL AS THE EQUAL PROTECTION CLAUSE WHEN HE WAS ARRESTED AND PLACED IN JAIL, PAROLE REVOKED, AND SENT TO PRISON, WHEN HE HAD COMMITTED NO NEW OFFENSE ("BOARDS REASONS FOR REVOCATION")

(PAGE 2)

## STATEMENT OF THE CASE

ON MARCH 5th 2003. JAMES BODY WAS ARRESTED BY MOBILE COUNTY SHERIFFS NARCOTICS,AND VICE OFFICERS. HE WAS CHARGED WITH POSSESSION OF OF A CONTROLLED SUBSTANCE,TRAFFICKING MARIJUANA, POSSESSION OF MARIJUANA, AND CERTAIN PERSONS FORBIDDEN TO POSSES A FIREARM. THEREAFTER A PAROLE OFFICERS AUTHOROZATION OF ARREST WAS ISSUED ON MARCH 6,2003. THEREAFTER JAMES EDWARD BODY WAS HELD IN THE METRO JAIL. THE BOARD HAS FAILED TO PROVIDE THE PETITIONER A COPY OF THE HEARING NOR THE RESULTS, SO HE DOES NOT HAVE THE DATES. ON THE REPORT OF PAROLE VIOLATION (P.B. FORM 109-(Rev.592)) CHARGES AGAINST THE PETITIONER INSTITUTING REVOCATION ARE AS LISTED CHARGE #1 VIOLATION OF CONDITION # 7 NEW OFFENSE (POSSESSION OF A CONTROLLED SUBSTANCE,CHARGE # 2 VIOLATION OF CONDITION # 7 NEW OFFENSE TRAFFICKING MARIJUANA. CHARGE # 3 VIOLATION OF CONDITION # 7 NEW OFFENSE POSSESSION OF MARIJUANA 1st DEGREE. CHARGE # 4 VIOLATION OF CONDITION # 10 NEW OFFENSE CERTAIN PERSONS FORBIDDEN TO POSSES A FIREARM.
I RECOMMEND THAT A PAROLE REVOCATION HEARING BE HELD ON JANES BODY,AND HIS PAROLE BE REVOKED. MARCH 12th 2003. SIGNED LARRY WHITE ALABAMA PROBATION AND PAROLE OFFICER.
ON MAY 14th 2003 THE BOARD REVOKED MR.BODY'S PAROLE,THE REVOCATION WAS OCCATIONED BY HIS ARREST.
ON NOVEMBER 18th 2004.THE MATTER WAS SET BEFORE THE HONORABLE JUDGE LOCKETT CIRCUIT COURT JUDGE MOBILE COUNTY ALABAMA. MATTERS PENDING BEFORE THE COURT ARISING OUT OF HIS ARREST.
AT THAT TIME THE STATE WAS UNABLE TO GO FOWARD WITH ITS PROSECUTION,AND ADVISED THE COURT.THE MOTION TO DISMISS MADE BY THE PETITIONER THROUGH COUNSEL,WAS GRANTED,AND THE PENDING CHARGES AGAINST MR. BODY WERE DISMISSED.

## ARGUMENT

MORRISSEY V. BREWER 408 U.S. 471,33 L Ed 2d 484,92 S.Ct.2593
MORRISSEY WAS CONVICTED IN 1962 PRUSUANT TO HIS GUILTY PLEA,AND WAS SENTENCED TO NOT MORE THAN 7 yr. CONFINEMENT.HE WAS PAROLED FROM IOWA STATE PENITENTIARY IN JUNE 1968, 7 MONTHS LATER AT THE DIRECTION OF HIS PAROLE OFFICER'S WRITTEN REPORT THE IOWA BOARD OF PAROLE REVOKED MORRISSEY'S PAROLE,AND HE WAS RETURNED TO THE PENITENTIARY.

THE PAROLE OFFICER'S REPORT ON WHICH THE BOARD ACTED SHOWS THAT MORRISSEY'S PAROLE WAS REVOKED ON THE BASIS OF INFORMATION THAT HE HAD VIOLATED THE CONDITIONS OF PAROLE BY BUYING A CAR UNDER AN ASSUMED NAME ,AND OPPORATING IT WITHOUT PERMISSION,GIVING FALSE STATEMENT TO POLICE CONCERNING HIS ADDRESS,AND INSURANCE CO.,AFTER A MINOR ACCIDENT,OBTAINING CREDIT UNDER AN ASSUMED NAME,AND FAILING TO REPORT HIS PLACE OF RESIDENCE TO HIS PAROLE OFFICER ....

FURTHER THE REPORT ASSERT THAT MORRISSEY ADMITTEDD BUYING THE CAR,AND OBTAINING CREDIT UNDER AN ASSUMED NAME,AND ALSO ADMITTED BEING INVOLVED IN THE ACCIDENT.

THE UNITED STATES SUPREME COURT SAID IN MORRISSEY. "OUR TASK IS LIMITED TO DECIDING THE MINIMUM REQUIREMENTS OF DUE PROCESS"; THEY INCLUDE (A) WRITTEN NOTICE OF THE CLAIMED VIOLATIONS OF PAROLE; (b) DISCLOSURE TO THE PAROLEE OF THE EVIDENCE AGAINST HIM: (c) OPPORTUNITY TO BE HEARD IN PERSON,AND PRESENT AND TO PRESENT WITNESSES,AND DOCUMENTED EVIDENCE; (d) THE RIGHT TO CONFRONT AND CROSS-EXAMIN ADVERSE WITNESS,UNLESS HEARING OFFICER SPECIFICALLY FINDS GOOD CAUSE FOR NOT ALLOWING CONFRONTATION; (E) A NETURAL,AND DETACHED "HEARING BODY SUCH AS A TRADITIONAL PAROLE BOARD MEMBER OF WHICH NEED NOT BE JUDICIAL OFFICER,OR LAWYER AND (F) A WRITTEN STATEMENT BY THE FACTFINDER AS TO THE EVIDENCE RELIED ON AND REASONS FOR REVOKING PAROLE; (404 U.S. 489):

THE PETITIONER ARGUES THAT IT IS CLEARLY ESTABLISHED LAW THAT A PAROLEE HAS A CONSTITUTIONAL RIGHT TO PROCEDURAL DUE PROCESS (MORRISSEY V. BREWER 408 U.S. 471,1972) (MONROE V. THIGPIN 932 F.2d (11th Cir. 1991).
THE PETITIONER ARGUES THAT THE PAROLE OFFICER'S REPORT WAS THE ONLY EVIDENCE INTRODUCED AGAINST THE PETITIONER.THE USE OF SUCH HEARSAY EVIDENCE DENIED THE PETITIONER THE RIGHT CROSS-EXAMIN AND CONFRONT HIS ACCUSER,ON WHICH THE PAROLE BOARD BASED ITS DECISION TO REVOKE THE PETITIONER'S PAROLE.
THE PAROLE BOARD MEMBER WHO HAD NO FIRST HAND KNOWLEDGE OF THE MATERIALS CONTAINED IN THE REPORT AMOUNTED TO NOTHING MORE THAN AN EXERCISE IN FUTILITY,THUS THE PETITIONER WAS DENIED THE MINIMUM DUE PROCESS OF LAW. (EXPARTE BELCHER,350 SO.2d 718).
THE PETITIONER FUTHER ARGUES THAT HE WAS DENIED PROCEDURAL DUE PROCESS UNDER THE 14th AMENDMENT WHEN HE WAS ARRESTED AND PLACED IN JAIL,AND SENT TO PRISON HAVING COMMITTED NO NEW OFFENSE,(MORRISSEY V. BREWER. AT THE STATE LEVEL THE CONSTRUCTION OF PAROLE STATUTES AND REGULATIONS IS FOR STATES ALONE,SAVE AS THEY IMPLICATE THE SUPREMACY CLAUSE CONTROLS.

THE PETITIONER ARGUES THAT EVEN THOUGH HE WAS ARRESTED AND PLACED IN JAIL FOR POSSESSION OF A CONTROLLED SUBSTANCE,TRAFFICKING IN MARIJUANA,POSSESSION OF MARIJUANA 1st DEGREE,AND CERTAIN PERSONS FORBIDDEN TO POSSES A FIREARM.

THESE CASES WERE DISMISSED See;EXHIBIT ATTACHED: WITHOUT THESE CHARGES THE PETITIONER COULD STILL BE ON PAROLE.HE IS NOW IN EFFECT SERVING TIME FOR THE COMMISSION OF AN OFFENSE FOR WHICH HE COULD NOT BE TRIED AND CONVICTED. SEE; ARMSTRONG V. STATE 294, AL. 107.

WHILE HEARSAY EVIDENCE MAY BE ADMITTED IN A PAROLE AND PROBATION REVOCATION HEARING AT THE DISCRETION OF THE FACTFINDER,HEARSAY EVIDENCE MAY NOT BE THE SOLE BASIS FOR REVOKING PAROLE/PROBATION IN THIS STATE. EXPARTE BELCHER,556 SO.2d 366 (AL. 1999);(MALLETTE V. STATE 572 SO.2d 1316 (AL. Cr.App.1990) JOHNSON V. STATE 729 So. 2d 897 (AL.Cr.App. 1999).


THE PETITIONER ASSERT THAT MANY OF THE MANDATES SET OUT IN MORRISSEY CONCERNING DUE PROCESS WERE NOT MET.THE MOST IMPORTANT BY FAR IS THE FACT THAT HIS PAROLE WAS REVOKED FOR COMMITTING A NEW OFFENSE,WHEN IN FACT HE HAD COMMITTED NO NEW OFFENSE. ALL CHARGES WERE DROPPED. See; EXHIBIT ATTACHED:


DUE PROCESS MANDATES PLIMINARY AND FINAL REVOCATION HEARING IN THE CAES OF A PROBATIONER UNDER THE SAME CONDITIONS AS ARE SPECIFIED IN MORRISSEY V. BREWER 408 U.S.471,33 L Ed 2d 484,92 S.Ct. 2593, IN THE CASE OF A PAROLEE.


IN GRACE V. STATE 727 SO. 2D 881,THE ALABAMA COURT OF CRIMINAL APPEALS HELD THAT GRACE CORRECTLY ASSERT THAT A DEFENDANT'S PROBATION CAN NOT BE REVOKED MERELY BECAUSE OF AN ARREST,OR MERELY BASED ON HEARSAY EVIDENCE.(HERNANDEZ V. STATE 673 SO.2d 475,476 AL.Cr.App. 1995. WEAVER V. STATE 515 SO.2d 79,81 AL.Cr.App. 1987.


IMPLICIT IN THE SYSTEMS CONCERN WITH PAROLE VIOLATIONS IS THE NOTION THAT THE PAROPEE IS ENTITLED TO RETAIN HIS LIBERTY AS LONG AS HE SUBSTANTIALLY ABIDES BY THE CONDITIONS OF HIS PAROLE. THE

THE FIRST STEP IN A REVOCATION DECISION THUS INVOLVES A WHOLLY RETROSPECTIVE FACTUAL QUESTION WHETHER THE PAROLEE HAS IN FACT ACTED IN VIOLATION OF HIS PAROLE.ONLY IF IT IS DETERMINED THAT THE PAROLEE DID VIOLATE THE CONDITIONS DOES THE SECOND QUESTION ARISE.(408 U.S. 493) MORRISSEY V. BREWER:

SOCIATY THUS HAS AN INTEREST IN NOT HAVING PAROLE REVOKED BECAUSE OF AN ERRONOUS INFORMATION OR BECAUSE OF AN ERRONOUS EVALUATION OF THE NEED TO REVOKE PAROLE.(MORRISSEY 408 U.S. 496 at 12).


## CONCLUSION


THE PETITIONER WAS ARRESTED FOR POSSESSION OF A CONTROLLED SUBSTANCE,TRAFFICKING IN MARIJUANA,POSSESSION OF MARIJUANA 1st DEGREE, AND CERTAIN PERSONS FORBIDDEN TO POSSES A FIREARM. ON ON NOVEMBER 18th 2004 THESE CHARGES WERE BROUGHT BEFORE THE HONORABLE JUDGE LOCKETT CIRCUIT COURT JUDGE MOBILE COUNTY ALABAMA.THE STATE WAS UNABLE TO GO FOWARD WITH ITS PROSECUTION,AND ADVISED THE COURT AS SUCH.THEREAFTER THE DEFENDANT'S MOTION TO DISMISS WAS GRANTED.THE PETITIONER Mr.BODY ASSERTED ALL ALONE THAT HE WAS INNOCENT OF ALL CHARGES.THE BOARD REVOKED THE PETITIONER'S PAROLE BASED ON ERRONOUS INFORMATION (A FALSE ARREST): THE PETITIONER WAS DENIED THE MINIMUM DUE PROCESS REQUIREMENTS SET OUT IN MORRISSEY V. BREWER 408 U.S. 471,33 Ed 2d 484,92 S.Ct.2593.
THE RIGHT TO BE HEARD IN PERSON AND TO PRESENT WITNESSES. ONLY EVIDENCE PRESENTED TO THE BOARD WAS THE HEARING OFFICER'S REPORT (HEARSAY).THE RIGHT TO CONFRONT AND CROSS-EXAMIN ADVERSE WITNESS. THE PETITIONER NOR THE HEARING OFFICER WAS AT THE FINAL HEARING BEFORE THE BOARD. THIS WAS IN VIOLATION OF HIS 14th AMENDMENT RIGHT TO DUE PROCESS. MORRISSEY V. BREWER 408 U.S. 471) ARMSTRONG V. STATE 294,AL.107,312 SO.2d 620 (1975).

PAROLE IS NOT THE ONLY ONE WHO HAS A STAKE IN HIS CONDITIONAL
LIBERTY,SOCIATY HAS A STAKE IN WHAT EVER MAY BE THE CHANCE OF
RESTORING HIM TO NORMAL AND USEFULLIFE WITHIN THE LAW.SOCIATY
THUS HAS AN INTEREST IN NOT HAVING PAROLE REVOKED BECAUSE OF
ERRONOUS EVATUATION OF THE NEED TO REVOKE PAROLE GIVEN THE BREACH
OF PAROLE CONDITIONS .(MORRISSEY V. BREWER 408 U.S. 471):


## RELIEF SOUGHT


THE PETITIONER PRAYS THAT THIS HONORABLE COURT GRANT THE WRIT OF
CERTIORARI AND ORDER THE BOARD REINSTATE HIS PAROLE AND HE BE
ALLOWED TO CONTINUE AS HE HAD BEFORE THE CHARGES THAT WERE
DISMISSED WERE BROUGHT AGAINST HIM. THE PETITIONER WAS A
PRODUCTIVE CITIZEN PROVIDING MEANINGFUL CONTRIBUTIONS TO THE
COMMUNITY. Mr. BODY HAS HIS OWN CONSTRUCTION COMPANY WHICH
EMPLOYES EIGHT TO TEN OTHER CITIZENS
THE PETITIONER Mr. BODY PRAYS THAT THIS COURT PROCEED UNDER THE
GUIDLINES AND LAWS SET FORTH AND GRANT HIM THE RELIEF HE SO
SEEKS. TO EITHER BE PLACED BACK ON PAROLE OR BE GIVEN ANOTHER
CHANCE AT FREEDOM.


RESPECTFULLY SUBMITTED THE *14* DAY OF *Febuary* 2005.

x *James E. Body*

## BRISKMAN & BINION, P.C.
### LAWYERS
### 205 CHURCH STREET
### MOBILE, ALABAMA

DONALD M. BRISKMAN
MACK B. BINION
CHRIST N. COUMANIS
CHRISTOPHER A. AKINS

OF COUNSEL
SARAH JANE LINDSAY

MAILING ADDRESS
P.O. BOX 43
MOBILE, ALABAMA 36601

TELEPHONE
251-433-7600

FAX
251-433-4485

November 30, 2004

Board of Pardons and Parole
301 South Ripley St.
P. O. Box 302405
Montgomery, AL 36130-2405
Attention: Field Service

RE:    James Edward Body
       AIS #144883

Gentlemen:

I represent James Edward Body. His parole was revoked on May 14, 2003. The revocation was occasioned by his arrest. At the time of his arrest, it is my information that there were no drugs found on Mr. Body's person, in his vehicle or, circumstances that would support him otherwise having possession of drugs.

On November 18, the matter was set for the hearing before Judge Lockett, Circuit Court Judge of Mobile County on matters pending before the court arising out of this arrest.

At that time, the State was unable to go forward with its prosecution and advised the Court. The Motion to Dismiss made by the undersigned was granted and the pending charges against Mr. Body were dismissed. I am enclosing copy of the Case Action Summary reflecting the dismissal.

Accordingly, given the absence of a conviction and an arrest for charges which were not factually supportable, I respectfully move and request that the Board readmit Mr. Body to parole.

Respectfully submitted,

BRISKMAN & BINION, P.C.


DONALD M. BRISKMAN
DMB/aks
c:    James Body

12

alacourt.com's

# Alabama SJIS CC/DC Case Detail

Settings | Disposition | Sentence | Case Action Summary | Witness List | Financial | Enforcem

B

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Case** | | | | | | | |
| County | 02 MOBILE | Case Number | CC 2004 002330 00 | JID | JRL | DEF Status | P ST PRISON ESTS: N |
| Name | BODY JAMES EDWARD | | | Alias | | | |
| Address 1 | 2053 STEINER STREET | | | Alias | | | |
| Address 2 | (AIS #144883 ) | | | SID | AL 000000000 | YDate | |
| Zip | 36605 0000 MOBILE AL US | | | AS | | PR | 0000 000000 00 |
| DLNO | AL 4554438 | DOB | 03021954 | SSN | 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 | Race/Sex | B/M |
| Height | 5 08 | Weight | 225 | Eyes | BRO | Hair | BLK |
| Filed | 06252004 | AAGCY | C | Muni# | 00 | City | |
| Arrest | 03052003 | OffDT | | ORI | 002015J | OFFC | |
| Indict | 06252004 | Grand Jury | 116 D | Atty 1 | BRI014 R | Tkt# | S03030302 |
| Bond | | Type | | Bond Co | | REL | 00000000 |
| Sure | | CWIT | | JDMD | | APPL | |
| Tracking No's | DC 2003 002097 00 / 0000 000000 00 / 0000 000000 00 | | | | | | |
| Date | 1 08102004 | Que | 001 | Time | 0830 A | Desc | ARRG |
| Charge 1 | VAPF | POSS MARIJUANA 1ST | | 13A-012-213 | F DR | Counts | 001 |
| Charge 2 | | | | | | Counts | |
| Charge 3 | | | | | | Counts | |
| More | N | Dom Viol | | Case Type | F | Case Cat | DR |
| Comment | HS 2004-2331 CMP 2004-2328 & 2329 | | | | | | |
| **Settings** | | | | | | | |
| Date 1 | 08102004 | Que | 001 | Time | 0830 A | Desc | ARRG ARRAIGNMENT |
| Date 2 | | Que | 010 | Time | 0830 A | Desc | JTRL JURY TRIAL |
| Date 3 | 11182004 | Que | 000 | Time | 0830 A | Desc | MOTD MOTION DOCKET/HEAR |
| Date 4 | | Que | 000 | Time | 0000 | Desc | |
| Prosecutor | TYSON JOHN M JR | Atty 1 | BRISKMAN DONALD M | Atty 2 | | | |
| Flag | N | Flag | Y | Flag | Y | | |
| WARISS | | WARACT | | WARLOC | | | |
| BP ISS | | BP RTN | | | | | |
| **Disposition** | | | | | | | |
| CRT ACT | D DISMISSED | CADATE | 11182004 | Jury | Y | More | N |
| Charge 1 | VAPF POSS MARIJUANA 1ST 13A-012-213 F D | | | Counts | 001 | CA | D 11182004 |
| Charge 2 | | | | Counts | | CA | |
| Charge 3 | | | | Counts | | CA | |
| Admin | | Why | | TBNV1 | | TBNV2 | |
| Appeal | | CAPP | T | Type | GJCA | GJCA | |
| Cont Dt | | Why | | Cont# | 00 | DOM VIOL | |
| Comment | | | | | | | |
| CMP:N | SPRO:N | Due | 0000000000 | Warr:000 | SUBP:012 | Updated | 11232004 |
| **Sentence** | | | | | | | |
| Sent | | Begin | | End | | PRB BEG | |
| IMP CONF | 00 00 000 | SUSP CONF | 00 00 000 | TOTAL CONF | 00 00 000 | JAIL CRED | 00 00 000 |
| LICN SUSP | 00 00 000 | PROBATION | 00 00 000 | PRB REV | 00000000 | | |
| Monetary: | COST | FINE IMP: 00000000 | | SUSP: 00000000 | | CVCC | HIS |
| | WCCS | MCOS 00000000 | | JFEE 00000000 | | DRGF 0 | ASU |
| | WCDA | REMB 00000000 | | 3CVC 00000000 | | WARR 000 | USF |
| | PREL | DRUG 00000000 | | RCUP 00000000 | | SUBP 012 | |
| | RES1 00000000 | | RES2 00000000 | | RES3 00000000 | | |
| | RES4 00000000 | | RES5 00000000 | | RES6 00000000 | | |

| Confine: | PENT | LIFE | LWOP | DEATH | SPLIT | BOOT 000 | EMON 00 |
|---|---|---|---|---|---|---|---|
| | JAIL | CCUR | CSEC | CTERM | RVSPL | GANG 000 | |
| Programs: | JDVR | IPROB | AASCH | DUI | DDC | CSV 0000 | SAPP |
| | PTRL | BCSCH | MNTL | CRO | ASCH | ANGER | DRUGCT |
| Enhanced: | PROJ | CNOT | SCH | VDOB 00000000 | | HOOF 000 | |
| | DRUG  CODE: | | | MEAS:  | VOL: 00000000 | | |
| SEC/CUR: | 00 | 000000000000 00 | 00 | 000000000000 00 | 00 | 000000000000 | |
| Comment: | | | | | | | |
| BAL DUE | | DUE | | | CRO | Updated | 11232004 |

**Case Action Summary**

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 07202004 | 1118 | JUDG | ASSIGNED TO: (JCW) JAMES C WOOD (AR01) | MAH |
| 07202004 | 1118 | FILE | FILED ON: 06/25/2004 (AR01) | MAH |
| 07202004 | 1118 | STAT | INITIAL STATUS SET TO: "J" - JAIL (AR01) | MAH |
| 07202004 | 1118 | ARRS | DEFENDANT ARRESTED ON: 03/05/2003 (AR01) | MAH |
| 07202004 | 1118 | INDT | DEFENDANT INDICTED ON: 06/25/2004 (AR01) | MAH |
| 07202004 | 1118 | FILE | CHARGE 01: POSS MARIJUANA 1ST/#CNTS: 001 (AR01) | MAH |
| 07202004 | 1118 | COMM | HS 2004-2331 CMP 2004-2328 & 2329 (AR01) | MAH |
| 07202004 | 1118 | JUDG | JUDGE ID CHANGED FROM: JCW TO: JRL (AR01) | MAH |
| 07202004 | 1118 | CASP | CASE ACTION SUMMARY PRINTED (AR01) | MAH |
| 07232004 | 0254 | DOCK | NOTICE SENT: 07/23/2004 BODY JAMES EDWARD | EVY |
| 07232004 | 1120 | DAT1 | SET FOR: ARRAIGNMENT ON 08/10/2004 AT 0830A(AR10) | MAH |
| 07262004 | 1051 | STAT | STATUS CHANGED TO: "P" - PRISON (AR01) | MAH |
| 08022004 | 1523 | DAT2 | SET FOR: JURY TRIAL ON 10/13/2004 AT 0830A (AR10) | PAR |
| 08132004 | 0901 | DAT3 | SET FOR: ARRAIGNMENT ON 09/16/2004 AT 0830A(AR10) | ROH |
| 09212004 | 1630 | DAT3 | SET FOR: ARRAIGNMENT ON 10/12/2004 AT 0830A(AR10) | ROH |
| 09222004 | 0206 | DOCK | NOTICE SENT: 09/22/2004 BODY JAMES EDWARD | ROH |
| 09272004 | 0247 | DOCK | NOTICE SENT: 09/27/2004 BODY JAMES EDWARD | MAH |
| 09282004 | 0652 | SUBP | WITNESS SUBPOENAS ISSUED | MAH |
| 09282004 | 0653 | SUBP | WITNESS SUBPOENAS ISSUED | MAH |
| 10252004 | 1108 | DAT3 | SET FOR: OARRAIGNMENT ON 10/29/2004 AT 0830A(AR10) | TEG |
| 11032004 | 1619 | DAT2 | SET FOR: JURY TRIAL ON 12/13/2004 AT 0830A (AR10) | ROH |
| 11032004 | 1619 | DAT3 | SET FOR: MOTION DOCKET/HEAR ON 11/18/2004 AT 0830A | ROH |
| 11032004 | 1620 | ATY1 | ATTORNEY FOR DEFENDANT: BRISKMAN DONALD M (AR10) | ROH |
| 11052004 | 1515 | PRTY | PARTY ADDED W001 CPL. ROY CUTHKELVIN (AW21) | DAB |
| 11052004 | 1515 | PRTY | PARTY ADDED W002 SGT. MIKE REYNOLDS (AW21) | DAB |
| 11052004 | 1515 | PRTY | PARTY ADDED W003 CPL. EDDIE BLACKWELL (AW21) | DAB |
| 11052004 | 1516 | PRTY | PARTY ADDED W004 DEP. MARVIN WALKER (AW21) | DAB |
| 11052004 | 1516 | PRTY | PARTY ADDED W005 DEP. WAYNE GOOLSBY (AW21) | DAB |
| 11052004 | 1516 | PRTY | PARTY ADDED W006 SGT. GERALD LAMEY (AW21) | DAB |
| 11052004 | 1517 | PRTY | PARTY ADDED W007 DEP. JOHNNY THORNTON (AW21) | DAB |
| 11052004 | 1517 | PRTY | PARTY ADDED W008 DEP. DAVID SIMESON (AW21) | DAB |
| 11052004 | 1517 | PRTY | PARTY ADDED W009 DEP. HOUSEKNECHT (AW21) | DAB |
| 11052004 | 1518 | PRTY | PARTY ADDED W010 DEP. A. L. NEIDHARDT (AW21) | DAB |
| 11052004 | 1519 | PRTY | PARTY ADDED W011 J. G. WALLACE (AW21) | DAB |
| 11052004 | 1520 | PRTY | PARTY ADDED W012 KATRINA WARREN (AW21) | DAB |
| 11222004 | 0218 | DOCK | NOTICE SENT: 11/22/2004 BODY JAMES EDWARD | MAH |
| 11222004 | 0218 | DOCK | NOTICE SENT: 11/22/2004 BRISKMAN DONALD M | MAH |
| 11232004 | 0645 | SUBP | WITNESS SUBPOENAS ISSUED | MAH |
| 11232004 | 1534 | JFEL | JUROR FELONY FLAG SET ON FOR INDIVIDUAL (AR10) | ROH |
| 11232004 | 1534 | DISP | CHARGE 01 DISPOSED BY: DISMISSED ON: 11/18/2004 | ROH |
| 11232004 | 1534 | DJID | DISPOSITION JUDGE ID CHANGED FROM: TO: JRL | ROH |
| 11232004 | 1534 | DISP | CHARGE 01: POSS MARIJUANA 1ST /#CNTS: 001 (AR10) | ROH |
| 11232004 | 1534 | D001 | ENFORCEMENT STATUS SET TO: "N" (AR10) | ROH |

| | | | | | | |
|---|---|---|---|---|---|---|
| | RES4 00000000 | | RES5 00000000 | | RES6 00000000 | |
| Confine: | PENT | LIFE | LWOP | DEATH | SPLIT | BOOT 000 | EMON 00 |
| | JAIL | CCUR | CSEC | CTERM | RVSPL | GANG 000 | |
| Programs: | JDVR | IPROB | AASCH | DUI | DDC | CSV 0000 | SAPP |
| | PTRL | BCSCH | MNTL | CRO | ASCH | ANGER | DRUGCT |
| Enhanced: | PROJ | CNOT | SCH | VDOB 00000000 | HOOF 000 | | |
| | DRUG CODE: | | | MEAS: | VOL: 00000000 | | |
| SEC/CUR: | 00 | 000000000000 00 | 00 | 000000000000 00 | 00 | 000000000000 | |
| Comment: | | | | | | | |
| BAL DUE | | DUE | | CRO | | Updated | 11232004 |
| Case Action Summary | | | | | | | |

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 07202004 | 1121 | JUDG | ASSIGNED TO: (JRL) JOHN R LOCKETT (AR01) | MAH |
| 07202004 | 1121 | STAT | INITIAL STATUS SET TO: "J" - JAIL (AR01) | MAH |
| 07202004 | 1121 | FILE | FILED ON: 06/25/2004 (AR01) | MAH |
| 07202004 | 1121 | ARRS | DEFENDANT ARRESTED ON: 03/05/2003 (AR01) | MAH |
| 07202004 | 1121 | INDT | DEFENDANT INDICTED ON: 06/25/2004 (AR01) | MAH |
| 07202004 | 1121 | FILE | CHARGE 01: TRAFFICKING-MARIJUAN/#CNTS: 001 (AR01) | MAH |
| 07202004 | 1121 | COMM | HS 2004-2330 CMP 2004-2328 & 2329 (AR01) | MAH |
| 07202004 | 1122 | ADD1 | ADDR1 CHANGED FROM: 928 NELLIE STREETET (AR01) | MAH |
| 07202004 | 1122 | CASP | CASE ACTION SUMMARY PRINTED (AR01) | MAH |
| 07232004 | 0254 | DOCK | NOTICE SENT: 07/23/2004 BODY JAMES EDWARD | EVY |
| 07232004 | 1121 | DAT1 | SET FOR: ARRAIGNMENT ON 08/10/2004 AT 0830A(AR10) | MAH |
| 07262004 | 1051 | STAT | STATUS CHANGED TO: "P" - PRISON (AR01) | MAH |
| 08022004 | 1524 | DAT2 | SET FOR: JURY TRIAL ON 10/13/2004 AT 0830A (AR10) | PAR |
| 08132004 | 0901 | DAT3 | SET FOR: ARRAIGNMENT ON 09/16/2004 AT 0830A(AR10) | ROH |
| 09212004 | 1630 | DAT3 | SET FOR: ARRAIGNMENT ON 10/12/2004 AT 0830A(AR10) | ROH |
| 09222004 | 0206 | DOCK | NOTICE SENT: 09/22/2004 BODY JAMES EDWARD | ROH |
| 09272004 | 0247 | DOCK | NOTICE SENT: 09/27/2004 BODY JAMES EDWARD | MAH |
| 09282004 | 0652 | SUBP | WITNESS SUBPOENAS ISSUED | MAH |
| 09282004 | 0653 | SUBP | WITNESS SUBPOENAS ISSUED | MAH |
| 10252004 | 1106 | DAT3 | SET FOR: SET FOR DISPOSITIO ON 10/29/2004 AT 0830A | TEG |
| 11032004 | 1620 | ATY1 | ATTORNEY FOR DEFENDANT: BRISKMAN DONALD M (AR10) | ROH |
| 11032004 | 1620 | DAT3 | SET FOR: MOTION DOCKET/HEAR ON 11/18/2004 AT 0830A | ROH |
| 11032004 | 1620 | DAT2 | SET FOR: JURY TRIAL ON 12/13/2004 AT 0830A (AR10) | ROH |
| 11222004 | 0218 | DOCK | NOTICE SENT: 11/22/2004 BODY JAMES EDWARD | MAH |
| 11222004 | 0218 | DOCK | NOTICE SENT: 11/22/2004 BRISKMAN DONALD M | MAH |
| 11232004 | 0645 | SUBP | WITNESS SUBPOENAS ISSUED | MAH |
| 11232004 | 1534 | DJID | DISPOSITION JUDGE ID CHANGED FROM: TO: JRL | ROH |
| 11232004 | 1534 | DISP | CHARGE 01: TRAFFICKING-MARIJUA/#CNTS: 001 (AR10) | ROH |
| 11232004 | 1534 | DISP | CHARGE 01 DISPOSED BY: DISMISSED ON: 11/18/2004 | ROH |
| 11232004 | 1534 | D001 | ENFORCEMENT STATUS SET TO: "N" (AR10) | ROH |

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br>_____ |
|---|---|---|

**A. GENERAL INFORMATION:**

☑ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF *Montgomery* _____ COUNTY

*JAMES EDWARD BODY* _____, Appellant

V.  ☑ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order<br>*5-14-2003* |
|---|---|---|
| Number of Days of Trial/Hearing    Days | Date of Notice of Appeal<br>Oral: | Written: |

Indigent Status Requested: ☑ Yes ☐ No        Indigent Status Granted: ☐ Yes ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.        If no attorney, will appellant represent self? ☑ Yes ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | Telephone Number |
|---|---|
| Address | City | State | Zip Code |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant    *N/A* | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction  
2 ☐ Post-Conviction Remedy  
3 ☑ Probation Revocation  
4 ☐ Pretrial Order  
5 ☐ Contempt Adjudication  
6 ☐ Municipal Conviction  
7 ☐ Juvenile Transfer Order  
8 ☐ Juvenile Delinquency  
9 ☐ Habeas Corpus Petition  
10 ☑ Other (Specify) *PAROLE REVOCATION*

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____  
2 ☐ Homicide - § _____  
3 ☐ Assault - § _____  
4 ☐ Kidnapping/Unlawful Imprisonment - § _____  
5 ☐ Drug Possession - § _____  
6 ☐ Trafficking in Drugs - § _____  
7 ☐ Theft - § _____  
8 ☐ Damage or Intrusion to Property - § _____  
9 ☐ Escape - § _____  
10 ☐ Weapons/Firearms - § _____  
11 ☐ Fraudulent Practices - § _____  
12 ☐ Offense Against Family - § _____  
13 ☐ Traffic - DUI - § _____  
14 ☐ Traffic - Other - § _____  
15 ☐ Miscellaneous (Specify): _____ - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes ☑ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☐ Yes ☑ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)    8/91    COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

4. POST-JUDGMENT MOTIONS: List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

I. NATURE OF THE CASE: Without argument, briefly summarize the facts of the case.

On May 14th 2003 The Alabama Board of Pardons And Parole revoked James Body's Parole citing Violations (New Offense) Possession of Controlled Substance, Trafficking in Marijuana, Possession of Marijuana First degree And Certain Person Forbidden to Posses a Firearm On November 18th 2004 These cases came before The Honorable Circuit Judge Lockett Circuit Court Judge Mobile County Alabama At that time the state was unable to go Foward with Prosecution And Advised the court of such. The Court moved on the defendant motion to dismiss And granted the motion dismissing all charges Against Mr. Body Boards reasons for revoking his Parole

J. ISSUE(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

The Petitioner's due-process And equal protection rights have been violated as he was not Afforded the right to confront his Accuses His Parole was revoked on hearsay evidence and the reasons relied on for revocation no longer exist

3/7/05
3/14/05

James E Body    X—

K. SIGNATURE:

Date    Signature of Attorney/ Party Filing this Form

**State of Alabama**
**Unified Judicial System**

Form C-10 (front)    Rev. 8/92

# AFFIDAVIT of SUBSTANTIAL
# HARDSHIP and ORDER

Case Number

*CV 05-652*

IN THE *CirCuit*    COURT OF *MONTGOMERY*    COUNTY

☐ STATE OF ALABAMA    ☐ MUNICIPALITY OF *James Edward Body #144883*

v. *ALABAMA Board OF PARDONS AND PAROLES* , Defendant

TYPE OF PROCEEDING: *Writ of Certiorari*    CHARGE: *Parole Violation*

☑ **CIVIL CASE- I,** because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.

☐ **CIVIL CASE** (such as paternity, support, termination of parental rights, dependency) - I request an attorney be appointed for me.

☐ **CRIMINAL CASE**--I am financially unable to hire an attorney and request that the Court appoint one for me.

☐ **DELINQUENCY/NEED OF SUPERVISION** - I am financially unable to hire an attorney and request that the Court appoint one for my child.

## AFFIDAVIT

**I N C O M E / E M P L O Y M E N T**

A. Do you have a job or work for yourself?    ☐ Yes  ☑ No
   Employer's name and address _____

   How much money do you take home each week?    + $ *N/A*

B. If unemployed, give month and year of last employment and amount earned per month _____    $ *N/A*

C. Does your husband or wife have a job?    ☐ Yes  ☑ No
   Employer's name and address _____

   How much money does he/she take home each week?    + $ *N/A*

D. Do you receive money or benefits from any other source?    ☐ Yes  ☑ No
   (Example: retirement pay, social security, workmen's compensation, unemployment compensation, food stamps, rent payments, interest, dividends, etc.)
   How much do you receive each month?    + $ *N/A*

**A S S E T S**

A. Do you have any money in any bank, savings and loan, credit union, or any other place, including cash on hand?    ☐ Yes  ☑ No
   Where? _____  How much?  + $ *N/A*

B. Do you own anything else of value? (Land, house, boat, television, stereo, jewelry, car, truck, van, stocks, bonds, etc.)    ☐ Yes  ☑ No
   What? _____
   Total Value  + $ *N/A*

**D E P E N D E N T S**

A. Are you: ☐ Single  ☐ Married  ☐ Widowed  ☑ Divorced  ☐ Separated?

B. Do you have any dependents?    ☐ Yes ☐ No
   Who and what relationship? _____
   _____
   _____

*2005 MAR 30  AM 10:16*
*FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY*

**18**

Form C-10 (back)    Rev. 8/92      **AFFIDAVIT of SUBSTANTIAL HARDSHIP and ORDER**

What does it cost you to live each month?                          – $ *N/A*

**D E B T S**

| Creditor | Total Debt | Monthly Payment |
|----------|-----------|-----------------|
| Loans | $ | $ |
| Charge Accounts | | |
| House or rent payments | | |
| Alimony | | |
| Support | *N/A* | *N/A* |
| Car payment | | *N/A* |
| Groceries | | |
| Utilities | | |

In support of this request, I have answered the above questions relating to my ability to pay. I swear that these answers are true and reflect my present financial status. I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

I further understand and acknowledge that if the Court appoints an attorney to represent me, the Court may require me to pay the fees and expenses of my court-appointed counsel and costs of court.

Sworn to and subscribed before me this

**8** day of *March* ~~19~~ *2005*

Affiant Signature: *James E Body*

Home Address *200 WALLACE DR. Clio ALA 3607*

Judge/Notary: *Daniel O ____*

MY COMMISSION EXPIRES DEC. 13, 2005

Social Security Number *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*

Date of Birth *3-2-54*

## ORDER

**IT IS ORDERED THAT THE FOREGOING REQUEST BE:**

☑ GRANTED        ☐ DENIED

**IT IS THEREFORE, ORDERED AND ADJUDGED BY THE COURT THAT** *(Check one or more of the following boxes, as appropriate)*:

☐ _____
Attorney at Law, be and is hereby appointed as counsel to represent, assist and defend in this (these) case(s).

☑ The prepayment of the docket fee be waived.

☐ the Court reserves the right and may order reimbursement of attorney's fees, expenses approved by the Court and paid to the appointed counsel, and costs of Court.

DONE this ___*8*___ day of ___*March*___, 19 *08*

Judge

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
EASTERLING CORR FACILITY

AIS #: 144883     NAME: BODY, JAMES EDWARD          AS OF: 03/07/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAR | 24 | $0.00 | $0.00 |
| APR | 30 | $70.54 | $202.11 |
| MAY | 31 | $97.55 | $200.00 |
| JUN | 30 | $82.94 | $255.00 |
| JUL | 31 | $83.32 | $25.00 |
| AUG | 31 | $1.88 | $0.00 |
| SEP | 30 | $27.77 | $126.51 |
| OCT | 31 | $2.86 | $0.00 |
| NOV | 30 | $1.99 | $0.00 |
| DEC | 31 | $1.99 | $0.00 |
| JAN | 31 | $60.45 | $250.55 |
| FEB | 28 | $79.04 | $180.00 |
| MAR | 7 | $71.96 | $0.00 |

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

JAMES EDWARD BODY,                    )
                AIS # 144883          )
          Petitioner,                 )
                                      )
          Vs.                         )      CASE   NO. CV 05-652
                                      )
STATE OF ALABAMA BOARD                )
OF PARDONS & PAROLES                  )
                                      )
          Respondent.                 )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 MAY 13 PM 3:36

ANSWER AND MOTION TO DISMISS

COME NOW the State of Alabama and its Board of
Pardons and Paroles, by counsel, in response to
Petitioner's claims and moves the Court to dismiss this
action. The Board of Pardons and Paroles (hereinafter,
the Board) submits the following in support thereof:

RESPONDENT'S UNDERSTANDING OF THE PETITION

Petitioner filed a Petition for Writ of Certiorari
challenging the revocation of his parole dated 5-14-03.
Petitioner claims he has been denied due process, in

1

that, he was not afforded a copy of the hearing officer's report or the Board's Action sheet, was not allowed to properly rebut or cross-examine witnesses against him, and that it is improper to revoke parole as a result of criminal charges that are subsequently dismissed. He further claims he was improperly revoked due to new criminal offenses that were subsequently dismissed.

Petitioner seeks a court order directing the Board to reinstate him to parole.

## JURISDICTIONAL ISSUES AND SCOPE OF REVIEW

The proper avenue to challenge the Board's actions in parole revocation matters is by petition for writ of certiorari with the Circuit Court of Montgomery County. In *Sanders v City of Dothan*, 642 So.2d 437 (Ala. 1994) the Alabama Supreme Court stated that the scope of the trial court's review is restricted to the record made before the commissioners. The court went on to state that the standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the

2

evidence. If there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court. In the case at bar, the Court's review is limited to the record of the parole court proceedings. That record is included as exhibits to this answer.

<div align="center">

**FACTS**

</div>

Petitioner was paroled on 4-3-2000. A report of parole violation was prepared on 3-12-2003 by Parole Officer Larry White (Exhibit A).[1] The Board declared Petitioner delinquent on 4-29-2003 (Exhibit B). Petitioner was given "Notice of Parole Court Hearing" on 3-17-2003 (Exhibit C). Parole Court was conducted on 4-8-2003 by hearing officer Louie Grimes, who advised Petitioner of his rights and prepared a report of the hearing (Exhibit D). This report reflects that a police officer from Mobile County Sheriff's Officer, who had personal knowledge of the events alleged in the Report of Parole Violation, testified as to those events. The

_____

[1] Petitioner was arrested by Mobile County Sheriff's Office on 3-5-2003 for possession of controlled substance, trafficking in marijuana, possession of marijuana, and certain persons forbidden to possess a firearm.

Board voted to revoke Petitioner's parole on 5-14-2003

(Exhibit E).

## EXHIBITS

Exhibit A     Report of Parole Violation, 3-12-2003
Exhibit B     Declaration of Delinquency, 4-29-2003
Exhibit C     Notice of Parole Court dated 3-17-2003
Exhibit D     Hearing Officer's Report, dated 4-8-2003
Exhibit E     Board Action, dated 5-14-2003

## RESPONDENT'S ARGUMENTS

The Board denies Petitioner's allegations and submits the following in response thereto.

An Alabama inmate does not enjoy a liberty interest or due process protection in being paroled, *Ex Parte Alabama Board of Pardons and Paroles, In Re: Richard E. Henley,* 2002 WL 31528433 (Ala.Crim.App.) However, once released on parole a liberty interest attaches and the parolee's freedom may only be taken away after affording the parolee due process, *Morrissey v. Brewer,* 408 U.S. 471, (1972); *Horace Johnson v. State,* 1997 WL 545576 (Ala.Crim.App.). In *Morrissey, supra,* the United States Supreme Court set out the minimum requirements that must be met in a parole revocation to sustain a challenge that ones due process

4

24

rights have been violated.[2] The Respondents submit that the Morrissey standard was met in this case.

The Petitioner was given a copy of the Report of Parole Violation and Notice of the Parole Court Hearing.

Parole Court was conducted by an impartial hearing officer. The hearing officer's report reflects that Petitioner was advised of his rights. The Board's hearing officers have statutory authority to conduct such hearings and to determine the parolee's innocence or guilt of parole violations, *Alabama Code 15-22-32*.

Petitioner was afforded the opportunity to present evidence and witness and to cross-examine witnesses testifying against him. Petitioner was represented by an attorney, who advised Petitioner not to make any statement.

The hearing officer prepared a report, concluding the Respondent violated conditions of parole. The hearing officer's report states the evidence received, the evidence relied on and a recommendation. That

---

[2] In Morrissey the Court set the following requirements: (1) notice of charges, (2) disclosure of evidence against parolee, (3) opportunity to be personally heard and to present evidence, (4) right to confront and cross examine witnesses against parolee, (5) impartial hearing officer, (6) written statement by the fact finder of the evidence relied on and the reasons for the revocation.

evidence was the testimony of the Mobile County Sheriff's Officer, who was present during a search of Respondent's home where drugs and a gun were found. Both are parole violations. The Petitioner was on the distribution list for this report, indicating he was afforded a copy of the report.

The Board, relying on the fact finder's conclusions, revoked Petitioner's parole. The Board's "Action Of The Board Subsequent to Parole Court" sheet indicates distribution was made to the Petitioner/Parolee.

Respondents submit the *Morrissey* standard was met in revoking Petitioner's parole. Petitioner's claim that he was denied due process is frivolous.

*Ala. Code 15-22-32* vested authority with the Board's hearing officers to determine the guilt or innocence at parole court hearings. Parole Court is not a part of the criminal process, but is an administrative hearing. The burden of proof is a "reasonably satisfied" standard. Petitioner' s due process rights were satisfied when the Board provided him with notice, charges, evidence, impartial hearing

6

officer, opportunity to cross-exam witnesses, a statement of the findings, evidence relied on and the reasons parole was revoked.

Petitioner's belief that parole can not be revoked as a result of new criminal offenses that have been dismissed is a misunderstanding of the law. Parole may be revoked due to conduct that violates conditions of a parolee's release. If a parolee is convicted of a new criminal offense then a certified copy of the conviction may be offered as conclusive proof of parole violation. When convicted in a court of proper jurisdiction a parolee has been afforded due process (*Morrissey*, supra). However, nothing prevents the Board from using bad or illegal conduct to revoke parole, even though the parolee is never charged, never prosecuted, the case is dismissed, or he is subsequently acquitted. *Johnson v. State, 240 Ga. 526, (Ga. Jan. 1978), cert. denied, 439 U.S.881(1978)*. The burden of proof at parole court, an administrative hearing, is "reasonable suspicion" not "beyond a reasonable doubt" like in a criminal prosecution.

7

In the case at bar a Mobile County Sheriff's Officer testified to personal knowledge of a search and presents of drugs and a gun that led to Petitioners arrest and subsequent revocation from parole. This evidence is legally sufficient to sustain a finding of "reasonable suspicion" that parole conditions were violated. This claim is due to be dismissed as a matter of law.

<u>CONCLUSION</u>

The Respondents are entitled to a Rule 12 (b)(6), Fed. R. Civ. Proc., dismissal for failure to state a claim upon which relief may be granted concerning Petitioner's claim that his parole may not be revoked due to new criminal offenses that were subsequently dismissed.

As to the remaining claims, the Respondents are entitled to summary judgment as a matter of law (Rule 56, Fed.R.Civ.Proc). The Board's record reflects that all elements of due process were met and the findings are supported by the evidence (testimony of a police officer that had personal knowledge of the events that

occurred that violated parole). The Court review is limited to the agency's record.

The Respondents/Board therefore move the Court to dismiss this action.

Respectfully submitted,

Troy King
ATTORNEY GENERAL

_____

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
SIR005

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

> JAMES EDWARD BODY
> AIS # 144883
> Easterling Correctional Facility
> 200 WALLACE DRIVE
> CLIO, ALABAMA 36017

Done this 13th day of _MAY_ 2005.

Respectfully submitted,

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
SIR005

ADDRESS OF COUNSEL:
Alabama Board of Pardons and Paroles
Legal Division
Post Office Box 302405
301 South Ripley Street
Montgomery, Alabama 36130
(334) 242-8700

10



**30**
**RECEIVED**
APR 2 3 2003
State Board of
Pardons and Paroles

## STATE BOARD OF PARDONS AND PAROLES
## MONTGOMERY, ALABAMA
# REPORT OF PAROLE VIOLATION

Date: _____ March 12, 2003 _____

Field Office: _____ Mobile _____

Name of Parolee    James Edward Body         No.    144,883

Race, Sex & Age    BM-49         County of Conviction    Mobile

Offense    Unlawful Distribution of Controlled Substance    Sentence    20 YEARS PENITENTIARY

Date Convicted    4-27-96         Date of Parole    4-3-00

Date Sentence Expires    4-8-2016

**IF DECLARED DELIQNENT, FORWARD WARRANT TO:**

Parole Officer Larry White
**Mobile**
County Probation Office
**1150 Government St., Suite 209**

**Level V**

P.O. Box or Number & Street
**Mobile, Alabama  36604**

**Supervision Level at Time of Delinquency**

City, State, and Zip Code

**CHARGE #1**
**VIOLATION OF CONDITION #7**
**NEW OFFENSE - Possession of a Controlled Substance**

**LEGAL FACTS:**

On March 5, 2003, James Body was arrested by Mobile County Sheriff's Narcotics and Vice Officers and charged with Possession of a Controlled Substance, Trafficking Marijuana, Possession of Marijuana and Certain Persons Forbidden to Posses a Firearm. A Parole Officer's Authorization of Arrest was issued on March 6, 2003 and James Edward Body is currently in Mobile Metro Jail.

**DETAILS:**

On March 5, 2003, members of the Mobile County Sheriff's Office Narcotic Vice Unit and React Unit served a search warrant at 928 Nellie Street, Mobile, Alabama the residence of James Edward Body. Present during the search was Sergeant Reynolds, Corporal Cuthkelvin, Corporal Blackwell, Deputy Goolsby of the Mobile County Sheriff's Office Narcotics Vice Section along with Sergeant Lamey, Deputy Thornton, Simerson, and the K-9 Officer Housenecht. Upon arrival at 928 Nellie Street the officers made contact and announced police. After entry was made into the residence all subject were read their Miranda rights. A brown paper bag containing approximately $2,412.00 was taken from the person of James Body. Mr. Body was taken into the residence where he was again advised of his Miranda Rights and a copy of the search warrant was displayed to him. Mr. Body stated that the money was his and he had an additional $19,000 in his safe.

PB Form 109 (Rev. 5-92)



EXHIBIT
A

# REPORT OF PAROLE VIOLATION

James Edward Body
AIS#: 144,883

Page 2

A search was conducted which revealed approximately $27,278.00 in U.S. currency, 1 eight ball cocaine found in the master bedroom by Corporal Blackwell, a Tours .45 caliber revolver was found in the pocket of a black leather jacket in the master bedroom closet by Deputy Law, a Glock 45 caliber pistol was found in the front bedroom by Corporal Blackwell, approximately 2 grams of powder cocaine along with about 2 ounces of marijuana found in a garage area along with assorted documents found throughout the residence.

Deputy Walker questioned Mr. Body about his drug activity and he stated that all the drugs he had was changed into cash meaning that he had sold all the drugs he had on the property. Mr. Body admitted to having up to 70 ounces of cocaine in his possession on the day of the search. Also during the search Deputy Housenecht along with his K-9 conducted a sweep of the property where a black Honda Accord was parked in the driveway of 928 Nellie Street. The vehicle was registered to Ashley Snowden who was being detained inside the residence. The K-9, Otter alerted on the rear trunk area of the Honda indicting the presence of a narcotic odor. A search of the trunk revealed a green storage container containing 4 hard compress bricks weighing approximately 28 pounds of green plant material consistent with that of marijuana and another smaller bag also containing marijuana.

## CHARGE #2
**VIOLATION OF CONDITION #7**
**NEW OFFENSE - Trafficking Marijuana**

## LEGAL FACTS:

Legal facts in charge No. 2 are essentially the same as those in charge No. 1.

## DETAILS:

Details in charge No. 2 are essentially the same as those in charge No. 1.

## CHARGE #3
**VIOLATION OF CONDITION #7**
**NEW OFFENSE - Possession of Marijuana 1st Degree**

## LEGAL FACTS:

Legal facts in charge No. 3 are essentially the same as those in charges No. 1 and 2.

## DETAILS:

Details in charge No. 3 are essentially the same as those in charges in No. 1 and 2.

# REPORT OF PAROLE VIOLATION

James Edward Body
AIS#: 144,883

Page 3

**CHARGE #4**
**VIOLATION OF CONDITION #10**
**NEW OFFENSE - Certain Person Forbidden to Posses a Firearm**

**LEGAL FACTS:**

Legal facts in charge No. 4 are essentially the same as those in charges No. 1, 2 and 3.

**DETAILS:**

Details in charge No. 4 are essentially the same as those in charges No. 1, 2 and 3.

**RECOMMENDATION:**

I recommend that a Parole revocation hearing be held on James Edward Body and his parole be revoked.

**Signed and Dated at Mobile, Alabama, this the**   12th   **day of**   March   **2003.**


Larry White
Alabama Probation and Parole Officer

LW/ea

Reviewed By:

Steve Green
District Supervisor

Rec DD
4-23-03

## STATE BOARD OF PARDONS AND PAROLES

### MONTGOMERY, ALABAMA

### BOARD ACTION ON DELINQUENCY

NAME __James Edward Body__          COUNTY __Mobile__          NUMBER __144,883A__

PAROLEE DECLARED DELINQUENT:          **cmh**

Date ___4/29/03___

STATE BOARD OF PARDONS AND PAROLES

BY: _____

_____

_____

DELINQUENCY VOIDED, WARRANT WITHDRAWN:

Date _____          Continued on Parole _____.

STATE BOARD OF PARDONS AND PAROLES          Has effect of discharging from

BY: _____          Sentence and parole _____

_____          Notify: _____.

_____          File Closed _____.

SPECIAL CONDITIONS AND EMPLOYMENT: _____

_____

_____

REMARKS: _____

_____

_____

_____

CO Form 057 (Rev. 4/92)

EXHIBIT

# BOARD OF PARDONS AND PAROLES
## NOTICE OF PAROLE COURT HEARING

DATE: _March 12, 2003_          LOCATION: _Mobile County Metro Jail_

PAROLEE: _James Edward Body_                    # _144, 883_

A **REPORT OF PAROLE VIOLATION** has been prepared dated _March 12, 2003_ alleging that the parolee whose name and number appear above has violated parole. I have this date provided the parolee with a copy of that report and I have advised the parolee that a **PAROLE COURT HEARING** will be held to determine if there has been a violation of parole and to receive any evidence or argument that the parolee wishes to offer. I have advised the parolee that (s)he may have his/her witnesses testify at the hearing, may present their written statements, or may present any documents or evidence, may be represented by an attorney, may confront and cross-examine witnesses testifying against the parolee (unless the hearing officer finds good cause for not allowing confrontation), and that the parolee will receive a copy of the hearing officer's report.

THE **PAROLE COURT HEARING** will be held:

_April 8, 2003_ /Date    _10:00 A. M._ /Time    _Mobile Metro Jail_ /Place

The Parolee    [✓] Does
               [ ] Does Not    request witnesses be notified to be present for him.

The Parolee    [✓] Does
               [ ] Does Not    request an attorney be notified to be present for him.

I have received a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** which I have read or which has been read to me.

_James Body_
Parolee James Edward Body          _3/17/03_ Date

I certify that a copy of the **REPORT OF PAROLE VIOLATION** and this **NOTICE** was delivered in my present to the parolee.

_Larry White_
Parole Officer Larry White          _3/17/03_ Date

I hereby waive the five day notice of my **PAROLE COURT HEARING** and request that it be held as soon as possible.

_James B. Body_          _3/17/03_          _Larry White_
Parolee James Edward Body    Date          Witness

**ADMISSION OF GUILT:** I hereby admit that I am guilty of parole violation as set forth in the Report of Parole Violation in charges # _____ and plan to plead guilty to the same at my parole court hearing.

_____    _____    _____
Parolee James Edward Body          Date                      Witness

Distribution: Original - Hearing Officer: Copy - File: Copy - Parolee

EXHIBIT
C

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

DATE: _4 - 8 - 03_            LOCATION: _mobile_

PAROLEE: _James E. Body_    # _144 883_

HEARING OFFICER: _Lowe F. Grimes_

☑ ARRESTED AS PAROLE VIOLATOR? ☑ YES ☐ NO  (Date) _3 - 5 - 03_

☑ NOTICE OF PAROLE COURT HEARING COMPLETED AND SERVED

☑ DID THE PAROLEE REQUEST REPRESENTATION BY AN ATTORNEY? ☑ YES ☐ NO
Comments:

☑ IS AN ATTORNEY PRESENT FOR THE PAROLEE? ☑ YES ☐ NO
Comments:

☑ IF PRO SE, DOES THE PAROLEE APPEAR TO BE COMPETENT? ☑ YES ☐ NO
Comments:

☑ DID THE PAROLEE REQUEST WITNESSES? ☐ YES ☑ NO

☑ WERE WITNESSES NOTIFIED TO BE PRESENT? ☐ YES ☑ NO
Comments:

☑ THE PAROLEE WAS ADVISED: YOU HAVE THE RIGHT TO REMAIN SILENT. ANYTHING YOU SAY CAN AND WILL BE USED AGAINST YOU. YOU CANNOT BE MADE TO GIVE UP THE RIGHT TO REMAIN SILENT. YOU MAY EXERCISE THE RIGHT TO REMAIN SILENT AT ANY TIME.


Signed: _____    Date: _4 - 8 - 03_
        Parole Court Hearing Officer


Distribution:
        Original – Board
        Copy – File
        Copy – Parolee

PB Form 104 (revised 5-02)



# BOARD OF PARDONS AND PAROLES
# PAROLE COURT

DATE:    4/8/03                    LOCATION:        MOBILE

PAROLEE:    JAMES E. BODY                                    #    144883

HEARING OFFICER:    LOUIE F. GRIMES

CHARGE NUMBER:    1            PAROLE CONDITION NUMBER    7

## WITNESSES

**THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO: DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?**

1. Name/Title    **JAMES EDWARD BODY – PAROLEE**
2. Name/Title    **LARRY WHITE – PAROLE OFFICER**
3. Name/Title    **CHRIS COUMANIS – ATTORNEY**
4. Name/Title    **ROY CUTHKELVIN – MOBILE COUNTY SHERIFF'S OFFICE**
5. Name/Title

## STATEMENT OF THE EVIDENCE RECEIVED
### (list and summarize all evidence received, use attachment if necessary)

| CHARGE NUMBER I: | POSSESSION OF CONTROLLED SUBSTANCE |
|---|---|

Mr. Body was represented by Attorney Chris Coumanis, who pled him not guilty.  Corporal Roy Cuthkelvin testified on 3/5/03, the Mobile County Sheriff's Office Narcotic Vice Unit and React Unit served a search warrant at 928 Nellie Street Mobile, Alabama.  This is the home of Mr. Body, the parolee.  This Officer stated he was present during the entire search of this property and the following was found:  1 eight ball of cocaine found in the master bedroom; 2 grams of powder cocaine found in another bedroom, 2 ounces of marijuana found in the garage, the parolee also admitted to having 7 ounces of cocaine in his possession the day his house was searched.  The parolee told deputies all the drugs he had was turned into cash, meaning he had sold the drugs.  Approximately $27,278.00 in cash was found in the home.  Also found in the trunk of a vehicle in Mr. Body's yard was 4 hard compressed bricks weighing approximately 28 pounds, which the Officer stated was marijuana.  Also a smaller bag was found in the trunk of the vehicle that contained marijuana.  This Officer also testified that a .45 caliber revolver was found in the pocket of a leather jacket located in the master bedroom closet.  A Glock .45 caliber pistol was found in another bedroom.  This Officer also has audio tapes of Mr. Body since he has been in Mobile-Metro Jail where Mr. Body is talking to his son on the phone telling where more drugs are located in the attic of his home, that the Officers missed, and how to dispose of them.  The Officer stated this case will be prosecuted by State and Federal Enforcement.  I find Mr. Body guilty of this charge.  I relied on the testimony of Officer Cuthkelvin and the facts he presented at this hearing.

☒  I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.
☐  I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OR PAROLE VIOLATION.

Signed:    LOUIE F. GRIMES                    Date:    4/8/03
            Parole Court Hearing Officer
Distribution:    Original – Board Copy – File    Copy – Parolee    PB Form 104-A  (revised 5/02)

**37**

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

DATE:  4/8/03 _____  LOCATION:    MOBILE _____

PAROLEE:   JAMES E. BODY _____  #   144883 _____

HEARING OFFICER:   LOUIE F. GRIMES _____

CHARGE NUMBER:   2 _____  PAROLE CONDITION NUMBER    7 _____

## WITNESSES

**THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:**

**DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?**

1. Name/Title   **JAMES EDWARD BODY – PAROLEE**
2. Name/Title   **LARRY WHITE – PAROLE OFFICER**
3. Name/Title   **CHRIS COUMANIS – ATTORNEY**
4. Name/Title   **ROY CUTHKELVIN – MOBILE COUNTY SHERIFF'S OFFICE**
5. Name/Title   _____

## STATEMENT OF THE EVIDENCE RECEIVED
### (list and summarize all evidence received, use attachment if necessary)

| CHARGE NUMBER II: | TRAFFICKING IN MARIJUANA |
|---|---|

Attorney Chris Coumanis pled Mr. Body not guilty to this charge.    Testimony by Officer Cuthkelvin the same as in Charge # 1.  I find Mr. Body guilty on this charge.   I relied on the testimony and facts presented by Officer Cuthkelvin.  Same as his testimony in Charge # 1.

☒ I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OR PAROLE VIOLATION.

Signed:   LOUIE F. GRIMES _____   Date:   4/8/03 _____
              Parole Court Hearing Officer

Distribution:
    Original – Board
    Copy – File
    Copy – Parolee  PB Form 104-A  (revised 5/02)

**38**

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

DATE:  4/8/03                    LOCATION:        MOBILE

PAROLEE:   JAMES E. BODY                          #    144883

HEARING OFFICER:   LOUIE F. GRIMES

CHARGE NUMBER:   3        PAROLE CONDITION NUMBER        7

## WITNESSES

**THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:**

**DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?**

1. Name/Title    **JAMES EDWARD BODY – PAROLEE**
2. Name/Title    **LARRY WHITE – PAROLE OFFICER**
3. Name/Title    **CHRIS COUMANIS – ATTORNEY**
4. Name/Title    **ROY CUTHKELVIN – MOBILE COUNTY SHERIFF'S OFFICE**
5. Name/Title

## STATEMENT OF THE EVIDENCE RECEIVED
### (list and summarize all evidence received, use attachment if necessary)

| CHARGE NUMBER III: | POSSESSION OF MARIJUANA I |
|---|---|

Mr. Body's attorney pled him out guilty on this charge.   Testimony by Officer Cuthkelvin the same as in Charge # 1.  I find Mr. Body guilty on this charge.   I relied on the testimony and facts presented by Officer Cuthkelvin.

☒ I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.

☐ I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OR PAROLE VIOLATION.

Signed:  LOUIE F. GRIMES                    Date:    4/8/03
              Parole Court Hearing Officer

Distribution:
        Original – Board
        Copy – File
        Copy – Parolee  PB Form 104-A  (revised 5/02)

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

DATE:   4/8/03 _____   LOCATION:   MOBILE _____

PAROLEE:   JAMES E. BODY _____   #   144883 _____

HEARING OFFICER:   LOUIE F. GRIMES _____

CHARGE NUMBER:   4 _____   PAROLE CONDITION NUMBER   10 _____

## WITNESSES

**THE FOLLOWING WERE HEARD AS WITNESSES AFTER ANSWERING AFFIRMATIVELY TO:**

**DO YOU SWEAR OR AFFIRM THAT YOU WILL TELL THE TRUTH IN THIS HEARING?**

1. Name/Title   **JAMES EDWARD BODY – PAROLEE**
2. Name/Title   **LARRY WHITE – PAROLE OFFICER**
3. Name/Title   **CHRIS COUMANIS – ATTORNEY**
4. Name/Title   **ROY CUTHKELVIN – MOBILE COUNTY SHERIFF'S OFFICE**
5. Name/Title   _____

## STATEMENT OF THE EVIDENCE RECEIVED
**(list and summarize all evidence received, use attachment if necessary)**

| CHARGE NUMBER V: | CERTAIN PERSONS FORBIDDEN TO POSSES A FIREARM |
|---|---|

Mr. Body's attorney pled him not guilty on this charge.   Testimony by Officer Cuthkelvin the same as in Charge # 1. I find Mr. Body guilty on this charge.   I relied on the testimony and facts presented by Officer Cuthkelvin.

☒  I FIND THE PAROLEE IS **GUILTY** OF THIS CHARGE OF PAROLE VIOLATION.

☐  I FIND THERE IS **INSUFFICIENT EVIDENCE** TO SUPPORT THIS CHARGE OR PAROLE VIOLATION.

Signed:   LOUIE F. GRIMES _____   Date:   4/8/03 _____
          Parole Court Hearing Officer

Distribution:
      Original – Board
      Copy – File
      Copy – Parolee  PB Form 104-A  (revised 5/02)

**40**

# BOARD OF PARDONS AND PAROLES
## PAROLE COURT

DATE:   4/8/03                              LOCATION:   MOBILE

PAROLEE:   JAMES E. BODY                              #   144883

HEARING OFFICER:   LOUIE F. GRIMES

**HEARING OFFICER'S FINDINGS AND EVIDENCE RELIED ON:** (as to each charge)

| CHARGE NUMBER I: | POSSESSION OF CONTROLLED SUBSTANCE |
|---|---|

Mr. Body was represented by Attorney Chris Coumanis, who pled him not guilty.   Corporal Roy Cuthkelvin testified on 3/5/03, the Mobile County Sheriff's Office Narcotic Vice Unit and React Unit served a search warrant at 928 Nellie Street Mobile, Alabama.   This is the home of Mr. Body, the parolee.   This Officer stated he was present during the entire search of this property and the following was found:  1 eight ball of cocaine found in the master bedroom; 2 grams of powder cocaine found in another bedroom, 2 ounces of marijuana found in the garage, the parolee also admitted to having 7 ounces of cocaine in his possession the day his house was searched.   The parolee told deputies all the drugs he had was turned into cash, meaning he had sold the drugs.   Approximately $27,278.00 in cash was found in the home.   Also found in the trunk of a vehicle in Mr. Body's yard was 4 hard compressed bricks weighing approximately 28 pounds, which the Officer stated was marijuana.   Also a smaller bag was found in the trunk of the vehicle that contained marijuana.   This Officer also testified that a .45 caliber revolver was found in the pocket of a leather jacket located in the master bedroom closet.   A Glock .45 caliber pistol was found in another bedroom.   This Officer also has audio tapes of Mr. Body since he has been in Mobile-Metro Jail where  Mr. Body is talking to his son on the phone telling where more drugs are located in the attic of his home, that the Officers missed, and how to dispose of them.   The Officer stated this case will be prosecuted by State and Federal Enforcement.  I find Mr. Body guilty of this charge.   I relied on the testimony of Officer Cuthkelvin and the facts he presented at this hearing.

| CHARGE NUMBER II: | TRAFFICKING IN MARIJUANA |
|---|---|

Attorney Chris Coumanis pled Mr. Body not guilty to this charge.     Testimony by Officer Cuthkelvin the same as in Charge # 1.  I find Mr. Body guilty on this charge.   I relied on the testimony and facts presented by Officer Cuthkelvin.  Same as his testimony in Charge # 1.

| CHARGE NUMBER III: | POSSESSION OF MARIJUANA I |
|---|---|

Mr. Body's attorney pled him out guilty on this charge.   Testimony by Officer Cuthkelvin the same as in Charge # 1.  I find Mr. Body guilty on this charge.   I relied on the testimony and facts presented by Officer Cuthkelvin.

| CHARGE NUMBER IV: | CERTAIN PERSONS FORBIDDEN TO POSSES A FIREARM |
|---|---|

Mr. Body's attorney pled him not guilty on this charge.   Testimony by Officer Cuthkelvin the same as in Charge # 1.  I find Mr. Body guilty on this charge.   I relied on the testimony and facts presented by Officer Cuthkelvin.

**PAGE 2**
**JAMES E. BODY**

**MITIGATION:** (mitigation presented and the person offering the mitigation)

| CHARGE NUMBER I: | POSSESSION OF CONTROLLED SUBSTANCE |
|---|---|

Mr. Body was advised by his attorney not to make any statement.

| CHARGE NUMBER II: | TRAFFICKING IN MARIJUANA |
|---|---|

Mr. Body was advised by his attorney not to make any statement.

| CHARGE NUMBER III: | POSSESSION OF MARIJUANA I |
|---|---|

On advise of his attorney, Mr. Body chose not to make a statement.

| CHARGE NUMBER V: | CERTAIN PERSONS FORBIDDEN TO POSSES A FIREARM |
|---|---|

On advise of his attorney, Mr. Body chose not to make a statement.

**RECOMMENDATIONS:** (considering all the findings, supporting evidence, and mitigation)
Mr. Body has served four years in prison for these same type charges.   He is believed by law enforcement in the Mobile area to be a major drug dealer.   They very much want him off the street.   I recommend to the Board that Mr. Body be revoked and re-set 4/07.


Signed:   LOUIE F. GRIMES                              Date:    4/8/03
              Parole Court Hearing Officer


Distribution:
        Original – Board
        Copy – File
        Copy – Parolee

PB Form 104B (revised 5/02)

**42**

# STATE OF ALABAMA
# BOARD OF PARDONS AND PAROLES

## ACTION OF THE BOARD SUBSEQUENT TO PAROLE COURT

● **PAROLEE:** _____James Edward Body_____    **AIS #** _144,883_____

Parole Court was held before ___Louie Grimes_____, Hearing Officer, on _4/8/03_____,
at _____Mobile_____, Alabama.  The Hearing Officer has · filed a Report and Recommendation, as required by statute, and this Board has reviewed the detailed statement of evidence, the findings, and the reasons supporting those findings, which were:

_____ **CHARGES PROVEN.** The Hearing Officer has determined that Charge(s) #_____ was/were proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well as the evidence that conditions of parole were violated. The record further reflects that an acceptable parole plan is in place which offers the parolee a reasonable possibility of living and remaining at liberty without violating the law. It is, therefore, recommended that Parolee be RE-INSTATED to a satisfactory program.

It is recommended that the following additional conditions be imposed to improve the likelihood that the parolee will remain at liberty without violating the law:

_____
_____
_____

__X___ **CHARGES PROVEN.**  The Hearing Officer has determined that Charge(s) # _1,2,3 ＋ 4_____ was/were proven to his reasonable satisfaction. His Report and Recommendation addressed the evidence of mitigating circumstances, as well as evidence that conditions of parole were violated.  It is, therefore, recommended that parole be REVOKED  in this case.

Comes now the Board of Pardons and Paroles at Open Public Meeting, and after considering all evidence from Parole Court, including any mitigating circumstances, orders:

● **BOARD INITIALS**

____  ____  ____  Continued to _____.
                            (date)

____  ____  ____  Taken under advisement

____  ____  ____  That parole be REVOKED and given further consideration in _4～07_.

____  ____  ____  That parole be revoked since a satisfactory plan has not been submitted within a reasonable amount of time and for reasons addressed in parole court and given further consideration in _____.

____  ____  ____  That the order of delinquency is void and parolee is RE-INSTATED on parole with the following SPECIAL CONDITIONS:_____
_____
_____
_____

Chairman of the Board                        5-14-03   Date

Distribution Date _5-16-03_ to:

Original – Board File
Parole Office _Mobile - White_
● Parolee
  ACJIC
Control Book
CO Form 013 – A (Rev. 10-99)

Member of the Board                         Date

Member of the Board

EXHIBIT

3

IN THE CIRCUIT COURT OF

MONTGOMERY COUNTY ALABAMA

JAMES EDWARD BODY

V.                                    CASE NO.CV-2005-000652.00


ALABAMA BOARD OF PARDONS
AND PAROLES


APPLICATION TO CLERK FOR ENTRY OF
DEFAULT AND SUPPORTING AFFIDAVIT

2005 MAY 17 AM 10: 05

COME NOW THE PETITIONER JAMES E. BODY AND WOULD REQUEST THAT THE
ENTERY OF DEFAULT BE ENTERED AGAINST THE DEFENDANTS PURSUANT TO RULE
56 ALABAMA RULES OF APPELLATE PROCEDURE AND SO SAYS AS FOLLOWS:

This case is set for a hearing on _____, 20 05 , at
June 30
1:30 am/pm
William A. Shashy, Circuit Judge

2005 MAY 27 AM 9: 00

JAMES E. BODY #144883
EASTERLING CORR.FACILITY
200 WALLACE DR.CLIO,AL.36017

Donald Briskman ✓

eve Sirmon ✓

RULE 55(a) ALABAMA RULES OF CIVIL PROCEDURE;
WHEN A PARTY AGAINST WHOM A JUDGMENT FOR AFFIRMATIVE RELIEF IS
SOUGHT HAS FAILED TO PLEAD OR OTHERWISE DEFEND AS PROVIDED BY THESE
RULES,AND THAT FACT IS MADE TO APPEAR BY AFFIDAVIT OR OTHERWISE,THE
CLERK SHALL ENTER A DEFAULT.
RULE 55(a) AUTHORIZES THE CLERK TO ENTER DEFAULT UPON THE CIVIL
DOCKET WHEN THE PARTY FAILS "TO PLEAD OR OTHERWISE DEFEND".


ON MARCH 29,2005 THIS HONORABLE COURT BY AND THROUGH THE HONORABLE
MELISSA RITTENOUR CIRCUIOT COURT CLERK MONTGOMERY ALABAMA.ISSUED A
CIVLI SUMMONS TO THE ALABAMA BOARD OF PARDONS AND PAROLE DEFENDANTS.
RECEIVED BY "E.URGHART" IN MONTGOMERY COUNTY ALABAMA ON MARCH
31,2005.


STATTING;TO THE ABOVE NAMED DEFENDANT;
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS,YOU OR YOUR
ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN
ANSWER,EITHER ADMITTING OR DENYING ALLEGATIONS IN THE COMPLAINT TO
THE PLAINTIFFS ATTORNEY SHOWN ABOVE OR ATTACHED. PRO-SE


THE DEFENDANTS HAVE NOT RESPOND EITHER ADMITTING NOR DENYING THE
ALLIGATIONS IN THE COMPLAINT THEREFORE THE DEFENDANTS HAVE WAIVED
THEIR RIGHTS TO RESPOND IN ACCORD WITH RULE 56(c) ALABAMA RULES OF
CIVIL PROCEDURE.


DEFAULT JUDGMENT ENTERED AGAINST A DEFENDANT DUE TO HIS FAILURE TO
RESPOND TO THE PLAINTIFF'S ACTION OR TO APPEAR AT THE TRIAL;"ONE
TAKEN AGAINST A DEFENDANT WHO,HAVING DULY BEEN SUMMONED IN ACTION
,FAILS TO ENTER AN APPEARANCE IN TIME " 80 N.W.2d,533; JUDGMENT
GIVEN WITHOUT THE DEFENDANT BEING HEARD IN HIS OWN DEFENSE 303 A.2
Nd.139,140

RELIEF SOUGHT

THE DEFENDANT PRAYS THAT THIS HONORABLE COURT WOULD REVIEW THE
COMPLAINT AND WEIGH THE FACT THAT THE DEFENDANTS HAS WAIVED THEIR
RIGHT TO RESPOND AS ORDERED BY THE COURT. AND GRANT HIM THE RELIEF
HE SEEKS REINSTATING HIM ON PAROLE STATUS.


RESPECTFULLY THIS THE _16TH_ DAY OF MAY 2005.

JAMES E. BODY

MONTGOMERY COUNTY ALABAMA

IN THE CIRCUIT COURT OF

MONTGOMERY COUNTY ALABAMA


JAMES E. BODY

V. ALABAMA BOARD OF PARDONS
AND PAROLE
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXFOR E


AFFIDAVIT

BEFORE ME THE UNDERSIGNED AUTHORITY,A NPTARY PUBLIC IN AND FOR SAID
COUNTY AND STATE OF ALABAMA AT LARGE PERSONALLY APPEARED JAMES E Body
WHO BEING KNOWN TO ME AND BEING BY ME FIRST DULY SWORN,DEPOSES AND
SAYS UNDER OATH AS FOLLOWS:


MY NAME IS JAMES E. BODY I AM PRESENTLY AN INMATE IN THE ALABAMA
DEPARTMENT OF CORRECTION EASTERLING CORRECTION FACILITY 200 WALLACE
DR. CLIO,ALABAMA 36017.


I RECEIVED A COPY OF A CIVIL SUMMONS FROM THE CIRCUIT COURT ADVISING
THE DEFENDANTS OF THEIR RIGHT TO RESPOND TO MY COMPLAINT WITHIN 30
DAYS OR JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST THEM. THEY HAVE
NOT RESPOND AS OF THIS DAY MAY 12,2005.


SWORN TO AND SUBSCRIBED BEFORE ME THIS 14TH DAY MAY 2005.

_James E. Body_


MY COMMISSION EXPIRES  5-7-2006


NOTARY



10/30/05 status
47

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES EDWARD BODY, #144883            )
                    PETITIONERR.
                                    CASE NO. CV-05-652
Vs.                                  )

ALABAMA BOARD OF PARDONS
AND PAROLES.                         )
              RESPONDENTS.           )

2005 MAY 26  AM II: 10

OBJECTION, AND MOTION
FOR IMMEDIATE HEARING REQUESTED

        Comes now the petitioner, James Body, in the above styled cause, pro-
se, objecting to the ALABAMA BOARD OF PARDONS AND PAROLES, motion to
dismiss the writ of certorari and respectfully requests a hearing on this
matter and as grounds therefore avers and says as follow.

        That the dismissal of the writ of certiorari is ver much predjucal to
the petitioner. The petitioner has stated his innocence from day one. The
Board and it's attorneys has not accepted and acknowledged the innocence
and it is very unprofessional that they have not. The petitioner was
falsely arrested, but the arrest was baseless from the start. Hearing
officer, Louie F. Grimes stated in his reconmenation, "considering all
the finding, supporting evidence, and mitigation", Mr. Body served four
years in prison for these same charges which are now dismissed, abused
his distretion by admitting evidence of prior bad acts. Ala. R. Crim. Pr.
rule 404 (b). The petitioner was being a well respected buisinessman as
well as a productive citizen. In Alabama, parolee's are highly targeted
by law enforcement officials because, they know being on parole makes
their jobs alot easier to get paroled offenders off the street. The
petitioner had no knowledge of the gun his daughter had in her room, nor
the gun she had in her purse.

NO Knowledge of the merijuana, in the trunk of Mr. Ashley Snowden's black
Honda accord, which she clearly has owned up to, and definately no kno-
wledge of 70 ounces of cocaine, allegedly in his possession, the day of
the search. Deputy Walker, went beyond becoming an officer in his offi-
cial capacity, with the lies that he cleary had told, which clearly
exist. What the Parole Board and their attorneys are overlooking is the
fact that the petitioner was being lied on mainly to get currency, that
was legally earned. Narcotics all over Alabama are doing many parolee's,
the same way, "LYING TO GET THEM OFF THE STREETS." But no one respects
the truth. Prisons are full of Parolee's, with the same exact problems
which clearly exists. Somebody has got to come to conclusion that whats
alledged in this motion is true. Officer Roy Cuthkevin, lied under oath
as well as his fellow employee's, to get the petitioners parole revoked.
He even claimed to have had audio tapes of the petitioner, while he was
in the Mobile metro jail, all has came up to nothing more than a bag of
lies, thats been prooven fruits of a poisonous tree in the courts. Thats
why charges were dismissed upon the petitioner, but the situation in
which the petitioner is in is a numerous claim upon many more "returned"
parolee's, the same exact problem, that is destroying the lives of honest
released individuals. Due process has not been met and this claim is not
frivious, and need not to be dismissed, as a matter of law.

The petitioner is entitled to a hearing on this matter. What is the
burden is officers do lie to cover up their mistakes as what has happened
in this instant case at hand. Law enforcement is highly respected but
some officers will tell a lie deliberately and sleep on it at the same
time, as what has happened in this case. The charges that were filed have
all been dismissed against the petitioner, "why", because he was innocent
from the start as he first claimed, and Mobile County Sherriffs office
knew it. Lets use the common sense standard, and take a closer look to
the case itself. Please review Mr. Body's claim further than meets the
eye. The petitioner moves this court not to dismiss his writ, as a matter
of law.

Therefore, the petitioner prays that a hearing is conducted without a dismissal at hand.


I swear that the foregoing is true and correct.

    Done this 24 day of May 2005.

                            *James E. Body*

                    JAMES E. BODY #144883


Sworn and subscribed before me this 24 day of May 2005.

                            *Byron K. Davis*
                    NOTARY PUBLIC

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

James Edward Body,                    )

        Plaintiff.

v.                                    )     Case No. CV-2005-652

Alabama Board Of                      )
Pardons and Paroles,

        Defendant.            )

---

OBJECTION AND REQUEST

FOR IMMEDIATE HEARING

---

    Comes now the plaintiff in the above styled cause, Pro-se, and objects to the Alabama Board of Pardons and Paroles Motion to squash subpoena, and respectfully request a hearing on this matter, and as grounds therefor avers and says as follows:

1. That the subpoena as issued is very specific and does not pose an undue burden on the recipient, Alabama Board Of Pardons And Paroles. Such requests are routinely filed and responded to in civil actions.

2. That the plaintiff is not seeking discovery from a part, but discovery from an legislative agency. The matter sought is relevant and material to the plaintiffs defense on what actually occured on 6-3-05.

3. The appellant courts of this state questions whether admin- istrative agencies has acted within their constitutional and stat- utory powers from permitting records to be examined if actions are not arbitrary.

④ The plaintiff has proof that officer Roy Cuthbertin Violated 13A-10-102 Ala. Code 1975 by giving false statements at the plaintiff parole hearing and the plaintiff has been showing this since day one. The tape is relevant to this proceeding.

⑤ The plaintiff would like to state the Law of Ala. Code 13A-10-102 (1975). (a) A person commits the crime of perjury in the second degree when he swears with intent to mislead a public servant in the performance of his duty and his false statement is material to the action, proceeding or matter involved. " This is exactly what happened at the plaintiff Parole Hearing."

⑥ Ex. 1, shows a recent Mobile Register newspaper article about the arresting officer in the Plaintiff case. "Roy Cuthbertin". This newspaper article is dated June 16th 2005. This article shows what the plaintiff has alleged since day one. That officer "Roy Cuthbertin" will lie in his official Capacity under Oath. He lied to Federal Authorities. He is not employed in the narcotics dept. anymore because of his unprofessional conduct, He was found guilty of conduct unbecoming an employee.

⑦ The plaintiff pled for Alabama Board of Pardons and Paroles to believe his innocence from Day one & the record will show the same.

(8) The defendant requests a hearing on this matter at the courts earliest convience.

Wherefore, the Subpoena set forth by the plaintiff should issue, and the Motion to quash the Subpoena should not.

*James E. Bo...*

"respectfully submitted"

Sworn to and subscribed before Me this 22<u>nd</u> day of June 20.

*[signature]*

NOTARY

my commission expires March 18, 2007

Certificate of Service

I do hereby certify that I have on this 22 day of June 2005, served a copy of the foregoing document by 1st class mail on the Alabama Board of Pardons and Paroles Legal Division Post office Box 302 405, S. Ripley Street Montgomery, Al. 36130

*Ex. 1*

# Lawman suspended for having sex with informant

▶ Sheriff's corporal was once named Deputy of the Year

**By SUSAN DAKER**
Staff Reporter

A Mobile County sheriff's corporal once cited as Deputy of the Year was suspended for 30 days this year for having sex with a woman identified in Personnel Board records as being an FBI drug informant, documents show.

Sheriff Jack that Roy Cuthkelvin, 45, admitted that he "willfully and inappropriately had a sexual relationship," with the woman on or about Oct. 10, 2004.

Cuthkelvin, who a sheriff's office spokeswoman said is now in the department's civil section, could not be reached for comment Wednesday.

At the time of the relationship, the woman was awaiting court proceedings on a drug arrest made by the sheriff's office; she was also helping with an ongoing drug investigation, according to a letter from Tillman included in Cuthkelvin's Personnel Board file.

"We consider the charges very serious," said Christina Bowersox, the sheriff's spokeswoman. Cuthkelvin acknowledged the severity of the departmental charges as well in pleading guilty to them,

Please see ⸻ ⸻ / Page 4A ▶

# Corporal hit with 30-day suspension

▶ Continued from Page 1A

Bowersox said.

Cuthkelvin was found to be guilty of conduct unbecoming an employee in the public service and disorderly or immoral conduct.

Cuthkelvin, a member of the FBI Violent Crimes Task Force when the incident took place, allegedly denied the relationship to FBI Assistant Special Agent-in-Charge Bill Lewis and Sheriff's Lt. Michael Reynolds on or about Oct. 14, a letter said.

Cuthkelvin left the task force — a group of federal, state and local law enforcement agents who work out of the FBI office — on or about Oct. 25, said Craig Dahle, FBI spokesman in Mobile.

"I can't comment on what, if any, impact he would have had on any cases," Dahle said. Any decisions about whether a member of the task force should be removed is up to the agency they work for, he said.

Dahle said "it was troublesome," that a woman was labeled as an FBI informant in a public document on file at the Mobile County Personnel Board. He said he could not comment on whether a person is an informant or not.

The sheriff's spokeswoman said Wednesday that the department erred in naming the informant in the document and will take immediate steps to have the name stricken.

On Aug. 13, sheriff's deputies executed a warrant to search the informant's home, and the woman was arrested for possession of cocaine, records show. In a signed deposition, Deputy Clinton Law said the informant claimed that some of cocaine in the home belonged to her.

A man was arrested during the search and charged with obstructing justice by using a false identify and with possession of cocaine, records show.

In November, the case against the Prichard woman was nol prossed, meaning a decision was made not to prosecute the charges, according to court records.

Bowersox said she did not believe Cuthkelvin's involvement with the informant affected the outcome of the state case against her because he was not involved in her arrest. Cuthkelvin began his suspension without pay Jan. 1, according to the records.

One of Tillman's letters to Cuthkelvin said, "You are admonished that any further acts of misconduct on your part will be dealt with most severely and may result in your being dismissed for cause."

In addition to being named Deputy of the Year in 2001, Cuthkelvin, an 11-year veteran of the department and a former Marine, received other awards for his service.

He was shot during a raid of a methamphetamine lab in Theodore in 2002, the Register reported then. Cuthkelvin was hit in the groin, suffered no major injuries and was discharged from the hospital the day after the shooting, the Register reported.

In connection with the shooting, Gerald Eugene Bennett of Theodore was convicted in federal court of several charges, including attempted murder of a law enforcement officer and conspiring to manufacture meth, records show. Bennett was sentenced to 34 years in federal prison.

In December 2003, Bennett also pleaded guilty in Mobile County Circuit Court to the attempted murder of Cuthkelvin and was sentenced to 10 years in prison to be served concurrently with the federal sentence, the Register reported.

## IN THE CIRCUIT OF MONTGOMERY COUNTY ALABAMA

James Edward Body,
      Petitioner,

v.

                                                    Case Number CV-05-652

State Of Alabama,
Board Of Pardons And Parole,
      Respondent.



## SUBPOENA REQUEST FORM

In the matter of James Edward Body v. State of Alabama Board Of Pardons And Parole. Case Number CV-05-652, Petition For Writ of Certiorari in the Circuit Court of Montgomery County Alabama.

Come now the Petitioner James Edward Body, and would request this Honorable Court by way of SUBPOENA DUCES TECUM, to compel the Respondents Alabama Board Of Pardons And Parole to provide as follows:

1. Pursuant to Rule 44(a) Alabama Rules of Civil Procedure  PROOF OF DOCUMENTS. In particularly the hearing held by Factfinder; Original records recordings. ect.

2. Rule 44(d) Alabama Rules of Civil Procedure  Original Documents;
If a document has been altered, or it appears to have been altered,
after its execution, in a part material to the question in dispute
the party producing the writing as genuine must account for the
appearance or alteration...:

The Clerk is requested to issue an Order (Subpoena) for the
Parole Court Preliminary hearing. Officer Louis Grimes to
produce the original transcrips of the Preliminary hearing
and tape recordings.

Louis Grimes.   Date Issued _____ . Date Executed _____

Remarks _____

Address Alabama Board of Pardons and Parole Legal Division
Post Office Box 302405. 301 South Ripley Street Montgomery,
Alabama 36130

The Petitioner Request that the clerk remit the processing, and
service fees in regard to his hardship application on tax cost
to be resolved at the ending of said proceedings as the clerk
see fit.

Party Requesting Subpoena   James E. Body #144883

James E. Body
        Signed

Respectfully: Date 6-1-05

_____
CLERK OR REGISTER

| State of Alabama<br>Unified Judicial System<br><br>Form C-10<br>Page 1 of 2          Rev. 2/95 | AFFIDAVIT of SUBSTANTIAL<br>HARDSHIP and ORDER | Case Number |
|---|---|---|

IN THE **CIRCUIT** _____ COURT OF **MONTGOMERY COUNTY** ALABAMA
(Circuit, District, or Municipal)                    (Name of County or Municipality)

STYLE OF CASE: **JAMES EDWARD BODY** v. **STATE OF AL. BOARD OF PARDON & PAROLES**
_____ Plaintiff(s) _____         _____ Defendant(s)

TYPE OF PROCEEDING: **PET. WRIT OF CERTIORARI** CHARGE(s) (if applicable): _____
**SUBPOENA REQUEST**

- [✓] CIVIL CASE-- I, because of substantial hardship, am unable to pay the docket fee and service fees in this case. I request that payment of these fees be waived initially and taxed as costs at the conclusion of the case.
- [ ] CIVIL CASE--(such as paternity, support, termination of parental rights, dependency) - I am financially unable to hire an attorney and I request that the Court appoint one for me.
- [ ] CRIMINAL CASE--I am financially unable to hire an attorney and request that the Court appoint one for me.
- [ ] DELINQUENCY/NEED OF SUPERVISION - I am financially unable to hire an attorney and request that the Court appoint one for my child/me.

---

SECTION I.                           A F F I D A V I T                    *James E Body x*

1. IDENTIFICATION
   Full Name **JAMES EDWARD BODY** _____ Date of Birth **3-2-54**

   Spouse's Full Name (if married) _____

   Complete Home Address _____

   _____

   Number of People Living in Household _____

   Home Telephone No. _____

   Occupation/Job _____ Length of Employment _____

   Driver's License Number _____ * Social Security Number **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**

   Employer _____ Employer's Telephone No. _____

   Employer's Address _____

   _____

2. ASSISTANCE BENEFITS
   Do you or anyone residing in your household receive benefits from any of the following sources? (if so, please check those which apply.)

   - [ ] AFDC   - [ ] Food Stamps   - [ ] SSI   - [ ] Medicaid   - [ ] Other _____

3. INCOME/EXPENSE STATEMENT
   Monthly Gross Income:

   | | |
   |---|---|
   | Monthly Gross Income | $ 0 |
   | Spouse's Monthly Gross Income (unless a marital offense) | _____ |
   | Other Earnings: Commissions, Bonuses, Interest Income, etc. | _____ |
   | Contributions from Other People Living in Household | _____ |
   | Unemployment/Workmen's Compensation, Social Security, Retirement, etc. | _____ |
   | Other Income (be specific) 0 | _____ |

   TOTAL MONTHLY GROSS INCOME                              $ 0

   Monthly Expenses:

   | | |
   |---|---|
   | A. Living Expenses | |
   | Rent/Mortgage | $ 0 |
   | Total Utilities- Gas, Electricity, Water, etc. | _____ |
   | Food | _____ |
   | Clothing | _____ |
   | Health Care/Medical | _____ |
   | Insurance | _____ |
   | Car Payment(s)/Transportation Expenses | _____ |
   | Loan Payment(s) | _____ |

FILED CIRCUIT COURT OF MONTGOMERY COUNTY 2005 JAN 2 PM 12:45

Form C-10
Page 2 of 2          Rev. 2/95          **AFFIDAVIT of SUBSTANTIAL HARDSHIP and ORDER**          Case Number

Monthly Expenses: (cont'd from page 1)
  Credit Card Payment(s)          _____
  Educational/Employment Expenses          _____
  Other Expenses (be specific) _____          _____

  _____

          Sub-Total          A  $ _____

B.  Child Support Payment(s)/Alimony          $ _____

          Sub-Total          B  $ _____

C.  Exceptional Expenses          $ _____

          TOTAL MONTHLY EXPENSES (add subtotals from A & B monthly only)          $  0

Total Gross Monthly Income less total monthly expenses:
          DISPOSABLE MONTHLY INCOME          $  0

4.  LIQUID ASSETS:
  Cash on Hand/Bank (or otherwise available such as stocks, bonds,
  certificates of deposit)          $  0
  Equity in Real Estate (value of property less what you owe)          _____
  Equity in Personal Property, etc. (such as the value of motor vehicles, stereo,
  VCR, furnishings, jewelry, tools, guns less what you owe)          _____
  Other (be specific) Do you own anything else of value? ☐ Yes  ☐ No
  (land, house boat, TV, stereo, jewelry)
  If so, describe _____

          TOTAL LIQUID ASSETS          $  0

5.  Affidavit/Request
  I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any
  question in the affidavit may subject me to the penalties of perjury. I authorize the Court or its authorized representative to attain records or
  information pertaining to my financial status from any source in order to verify information provided by me.. I further understand and
  acknowledge that, if the Court appoints an attorney to represent me, the Court may require me to pay all or part of the fees and expenses of
  my court-appointed counsel.

  Sworn to and subscribed before me this
  _31_ day of _May_ , 2005          _James E Body_
                                    Affiant's Signature
  _____  MY COMMISSION EXPIRES DEC. 13, 2006          _JAMES E BODY_
  Judge/Clerk/Notary          Print or Type Name

SECTION II.          ORDER OF COURT

  IT IS THEREFORE, ORDERED AND ADJUDGED BY THIS COURT AS FOLLOWS:

  ☐  Affiant is not indigent and request is DENIED.
  ☐  Affiant is partially indigent and able to contribute monetarily toward his defense; therefore, defendant is ordered to pay $ _____
      toward the anticipated cost of appointed counsel. Said amount is to be paid to the Clerk of Court or as otherwise ordered and disbursed
      as follows: _____
      _____

  ☐  Affiant is indigent and request is GRANTED.
  ☐  The prepayment of docket fees is waived.

  IT IS FURTHER ORDERED AND ADJUDGED that _____ , is hereby appointed as counsel to represent affiant.

  IT IS FURTHER ORDERED AND ADJUDGED that the Court reserves the right and may order reimbursement of attorney's fees and expenses,
  approved by the Court and paid to the appointed counsel, and costs of court.

  Done this _____ day of _____ , 19 _____ .

**58**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | Case Number<br>CV-05-652 |
|---|---|---|

IN THE __Circuit__ COURT OF __Montgomery__ COUNTY

Plaintiff __James E Body__    v. Defendant __State of Alabama Board Pardon + Paroles__

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY __James E Body__ WHOSE ADDRESS IS __Easterling Corr. Fac 200 Wallace Dr. Clio, Ala 36017__.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __6-1-05__    _____ By: _____
                                        Clerk/Register

☑ Certified Mail is hereby requested.    __James E Body__
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                                (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.
                        (Date)

_____    _____
Date    Server's Signature

_____    _____
Address of Server    Type of Process Server

Status - 6/30

59

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES EDWARD BODY,                      *
                                        *
            Plaintiff,                  *
                                        *
v.                                      *    CASE NO. CV-2005-652
                                        *
STATE OF ALABAMA,                       *
                                        *
            Defendant.                  *
                                        *

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 JUN 14  PM 3:39

## MOTION TO QUASH SUBPOENA

COMES NOW the Alabama Board of Pardons and

Paroles, by and through counsel, a non-party in the

above-styled cause, and in response to the subpoena

ordering production of documents dated 6-3-05, and

shows unto the Court as follows:

1. Records and files prepared by State Probation and

Parole Officers for use by the Board of Pardons and

Paroles are privileged by statute, §15-22-36(b), Ala.

Code 1975. The Alabama Supreme Court held that *parole*

files are absolutely privileged, *Ex parte Alabama Bd.*

*of Pardons and Paroles, 814 So.2d 870 (Ala. 2001).* The

Board cannot waive its statutory privilege in relation

to its parole files.

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 JUN 21  PM 4:05

GRANTED  6-21-05
          DATE
Based upon defendant's representation
that plaintiff has rec'd report.

WILLIAM A. SHASHY
CIRCUIT JUDGE

Donald Briskman ✓
Steve Sirmon ✓

**2.** In relation to *probation* records, §15-22-53(b), Ala. Code 1975, states: "[A]ll reports, records and data assembled by any probation officer and referred to the court shall be *privileged* and shall not be available for public inspection *except* upon order of the court to which the same was referred".  The Board is not at liberty to release probation records without a court order, as prescribed in §15-22-53(b), Ala. Code 1975.

**3.** Plaintiff seeks records that have already been sent to him pursuant to the Agency's revocation process and the Agency's compliance with *Morrissey v. Brewer,* 408 U.S. 471, (1972); *Horace Johnson v. State,* 729 So.2d 897 (Ala.Crim.App.1997).

**WHEREFORE THE PREMISES CONSIDERED,** the subpoena for production of documents dated 6-3-05, is due to be QUASHED.                    Respectfully submitted,


TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
SIR005

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

**JAMES EDWARD BODY**
**AIS# 144883**
**EASTERLING CF**
**200 WALLACE DRIVE**
**CLIO, AL  36017**

Done this 14th day of June 2005.

Respectfully submitted,

STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
SIR005

**ADDRESS OF COUNSEL:**
Alabama Board of Pardons and Paroles
Legal Division
Post Office Box 302405
301 S. Ripley Street
Montgomery, Alabama 36130
(334) 242-8700

3

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

JAMES EDWARD BODY,                )
        AIS # 144883     )
        Petitioner,          )
                 )
                 )
    Vs.                        )      CASE  NO. CV 05-652
                 )
STATE OF ALABAMA BOARD      )
OF PARDONS & PAROLES         )
                 )
        Respondent.          )

### FINAL ORDER

The Petitioner comes challenging the Alabama Board of Pardons and Paroles actions in revoking his parole. The law in Alabama is well settled that judicial review of a Parole Board action is by writ of certiorari. The standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence. *Sanders v City of Dothan*, 642 So.2d 437 (Ala. 1994).

Petitioner claims he was denied due process by not being afforded a copy of the parole court hearing officer's report and not being allowed to cross-examine witnesses testifying against him.

Petitioner further claims due process violations resulting from being revoked due to new criminal charges that were dismissed.

The Court having reviewed Petitioner's complaint and the Board's response is of the following opinion:

Petitioner's claim that he was denied a copy of the parole court hearing officer's report may be a valid claim, but has now been made moot. The Board filed a copy of that report with their answer to this court and served Petitioner a copy. The Respondents revocation record (Parole Court report) also shows the "parolee" on the distribution list to receive a copy of that report.

Petitioner's claim that he was deprived of the right to cross-examine witnesses testifying against him is without merit. The Parole Court report indicates Petitioner was represented by an attorney and offered the opportunity to mitigate the charges against him. This record indicates Petitioner made no statement upon advice of counsel.

The Board's revocation record appears to contain no procedural defect that violates the Morrissey due process standard. Under a "reasonably satisfied" standard there appears to have been sufficient evidence offered for a hearing officer to find that parole was violated.

Petitioner's claim that his due process rights were violated when he was revoked because of a new criminal charge that was dismissed, is also without merit. This issue was settled in *Crowe v. State, 671 So.2d 1112, Ala.Crim.App.1995* and *Johnson v. State, 240 Ga. 526 (Ga. 1978), cert. denied, 439 U.S. 881 (1978).*

The lack of a conviction on a new criminal offense does not preclude probation or parole from being revoked. *Morrissey v. Brewer, 408 U.S. 471 (1972)* only requires a parolee be provided a due process hearing and that the hearing officer be "reasonably satisfied" that the parolee's conduct violated a condition of parole.

It is, therefore, **ORDERED, ADJUDGED and DECREED,** that this action is due to be dismissed for lack of a genuine issue as to any material fact and the Board is entitled to judgment as a matter of law.

Done this _24_ day of May 2005.


_____
WILLIAM A. SHASHY
Circuit Judge


James E. Body ✓

Donald Briskman ✓

Steve Sirmon ✓

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES EDWARD BODY,<br>            AIS # 144883<br>        Petitioner,<br><br><br>        Vs.<br><br>STATE OF ALABAMA BOARD<br>OF PARDONS & PAROLES<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)    CASE   NO.  CV 05-652<br>)<br>)<br>)<br>)<br>) |

**FILED**
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 JUL -1 AM 8:39

### FINAL ORDER

The Petitioner comes challenging the Alabama Board of Pardons and Paroles actions in revoking his parole. The law in Alabama is well settled that judicial review of a Parole Board action is by writ of certiorari. The standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence. *Sanders v City of Dothan,* 642 So.2d 437 (Ala. 1994).

Petitioner claims he was denied due process by not being afforded a copy of the parole court hearing officer's report and not being allowed to cross-examine witnesses testifying against him.

Petitioner further claims due process-violations resulting from being revoked due to new criminal charges that were dismissed.

The Court having reviewed Petitioner's complaint and the Board's response is of the following opinion:

Petitioner's claim that he was denied a copy of the parole court hearing officer's report may be a valid claim, but has now been made moot. The Board filed a copy of that report with their answer to this court and served Petitioner a copy. The Respondents revocation record (Parole Court report) also shows the "parolee" on the distribution list to receive a copy of that report.

Petitioner's claim that he was deprived of the right to cross-examine witnesses testifying against him is without merit. The Parole Court report indicates Petitioner was represented by an attorney and offered the opportunity to mitigate the charges against him. This record indicates Petitioner made no statement upon advice of counsel.

The Board's revocation record appears to contain no procedural defect that violates the Morrissey due process standard. Under a "reasonably satisfied" standard there appears to have been sufficient evidence offered for a hearing officer to find that parole was violated.

Petitioner's claim that his due process rights were violated when he was revoked because of a new criminal charge that was dismissed, is also without merit. This issue was settled in *Crowe v. State, 671 So.2d 1112, Ala.Crim.App.1995* and *Johnson v. State, 240 Ga. 526 (Ga. 1978), cert. denied, 439 U.S. 881 (1978).*

The lack of a conviction on a new criminal offense does not preclude probation or parole from being revoked. *Morrissey v. Brewer, 408 U.S. 471 (1972)* only requires a parolee be provided a due process hearing and that the hearing officer be "reasonably satisfied" that the parolee's conduct violated a condition of parole.

It is, therefore, **ORDERED, ADJUDGED and DECREED**, that this action is due to be dismissed for lack of a genuine issue as to any material fact and the Board is entitled to judgment as a matter of law.

Done this ___30___ day of ~~May~~ *June 30* 2005.

WILLIAM A. SHASHY
Circuit Judge

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 JUL -1 AM 8:39

James Body ✓
Steve Sermon ✓

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

JAMES EDWARD BODY#
           PLAINTIFF.      )

V.                   )    CASE NO: CV-05-000652.00

ALABAMA BOARD OF PARDONS
AND PAROLES.         )

FILED 2005 JUL -1 PM 4:04 CIRCUIT COURT OF MONTGOMERY COUNTY

---

NOTICE OF APPEAL

---

    PETITONER HEREBY GIVES NOTICE OF APPEAL FROM SUMMARY DIS-

MISSAL OF HIS WRIT OF CERTORARI PETITION.CV-000 652 05, TO THE ALA-

COURTS OF CRIMINAL APPEALS, AND PURSUANT TO ALABAMA RULES OF

CRIMINAL PROCEDURE.

1. Date writ of certorari filed. 3-7-05

2. Date dismissed. 6-24-2005

3. Date of notice of appeal. 6-28-05

4. Indigent. Yes

5. Date. 6-29-05

*James E. Body  6-29-05*

    I swear that the foregoing is true and correct on the 29th

day of June 2005.

Sworn and subscribed before me this 29th day of June 2005.

*James E. Body*

my commission expires March 19, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of this matter on all

parties involved, by placing a copy of the same in the institu-

tional mailbox, pre-paid, postage 1st class mail.

Done this 29th day of June 2005

COPY TO CRIMIN?? "PEALS ON 07-11-05

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP- 1C     8/91 | **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF _Montgomery_ _____ COUNTY

_James Edward Body_ _____, Appellant

V.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>_CV-05-652_ | Date of Judgment/Sentence/Order<br>_5-24-05_ |
| Date of Notice of Appeal<br>Oral: _____  Written: _Yes_ | Indigent Status Granted:<br>☒ Yes   ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY **(1)** THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR **(2)** THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

Signature _____     Date _____     Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                            COURT REPORTER(S)

A. ☐ **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.     _____

B. ☐ **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)     _____

C. ☐ **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP )     _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY)

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P )

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER"S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_James E Body_   _7-11-05_
Signature _____     Date _____     Print or Type Name _____

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: **(1)** Clerk of the Court of Criminal Appeals, **(2)** the District Attorney, **(3)** the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and **(4)** to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

State of Alabama
Unified Judicial System

Form ARAP- 26 (front)    8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number

_____ - _____

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF    _Montgomery_    COUNTY

_James Edward Body_ , Appellant

V.  ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number | Date of Complaint or Indictment | Date of Judgment/Sentence/Order |
|---|---|---|
| Cv-05-655 | 4-12-05 | 5-24-05 |

| Number of Days of Trial/Hearing | Date of Notice of Appeal | |
|---|---|---|
| N/A Days | Oral: 6-29-05 | Written: YES |

Indigent Status Requested:  ☒ Yes  ☐ No          Indigent Status Granted:  ☒ Yes  ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self?  ☒ Yes  ☐ No

Appellant's Attorney (Appellant if pro se) *(Attach additional pages if necessary)*    Telephone Number

_James Edward Body_

| Address | City | State | Zip Code |
|---|---|---|---|
| 200 Wallace Dr. | Clio | Al | 17 |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| | |
| Codefendant | Case Number |
| | |
| Codefendant | Case Number |
| | |

*[Circuit Clerk stamp: Melissa Rittenour, Circuit Clerk, FILED JUL 2005]*

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction      4 ☐ Pretrial Order        7 ☐ Juvenile Transfer Order    10 ☒ Other (Specify)
2 ☐ Post-Conviction Remedy  5 ☐ Contempt Adjudication  8 ☐ Juvenile Delinquency      _Certiorari_
3 ☐ Probation Revocation   6 ☐ Municipal Conviction   9 ☐ Habeas Corpus Petition

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____        6 ☐ Trafficking in Drugs - § _____    11 ☐ Fraudulent Practices - § _____
2 ☐ Homicide - § _____              7 ☐ Theft - § _____                  12 ☐ Offense Against Family - § _____
3 ☐ Assault - § _____               8 ☐ Damage or Intrusion               13 ☐ Traffic - DUI - § _____
4 ☐ Kidnapping/Unlawful                  to Property - § _____            14 ☐ Traffic - Other - § _____
    Imprisonment - § _____          9 ☐ Escape - § _____                 15 ☐ Miscellaneous (Specify):
5 ☐ Drug Possession - § _____       10 ☐ Weapons/Firearms - § _____       _____ - § _____

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?    ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☒ Yes  ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.    7-11-05
                                                                                                        (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☒ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☒ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| Form ARAP- 26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition
(whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 4 | 12 | 05 | PETITION FOR WRIT CERTIORARI | 5 | 24 | 05 |
| 5 | 13 | 05 | STATES RESPONSE | 5 | 24 | 05 |
| 5 | 20 | 05 | PETITIONER'S RESPONSE | 5 | 24 | 05 |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

This is AN APPEAL FROM THE ORDER
To dismiss a WRIT OF CERTIORARI.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

To be DETERMINED UPON RECIEVING THE
RECORD ON APPEAL

**K. SIGNATURE:**

_____

Date

Signature of Attorney/Party Filing this Form

REV. 4/1/97

## NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
## BY THE TRIAL COURT CLERK

James Edward Body    v.    Al Board of Pardons + Paroles

**APPELLANT'S NAME**
(as it appears on the Indictment)                    **APPELLEE**

☒ CIRCUIT  ☐ DISTRICT  ☐ JUVENILE COURT OF Montgomery COUNTY
CIRCUIT/DISTRICT/JUVENILE JUDGE: Shasley

DATE OF NOTICE OF APPEAL: 06/29/05

(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**
Granted Indigency Status at Trial Court:                    ☒ Yes ☐ No
Appointed Trial Counsel Permitted to Withdraw on Appeal:    ☐ Yes ☐ No —N/A
Indigent Status Revoked on Appeal:                          ☐ Yes ☒ No

**DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed?    ☐ Yes ☒ No

**TYPE OF APPEAL: (Please check the appropriate block.)**
☐ State Conviction        ☐ Pretrial Appeal by State      ☐ Juvenile Transfer Order
☐ Rule 32 Petition        ☐ Contempt Adjudication         ☐ Juvenile Delinquency
☐ Probation Revocation    ☐ Municipal Conviction          ☐ Habeas Corpus Petition
☐ Mandamus Petition       ☒ Writ of Certiorari            ☐ Other(specify)

**IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:**

TRIAL COURT CASE NO.: CV 05-652

DATE ORDER WAS ENTERED: 06/30/05        PETITION: ☒ Dismissed  ☐ Denied  ☐ Granted

**IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:**
DATE OF CONVICTION: _____    DATE OF SENTENCE: _____

**YOUTHFUL OFFENDER STATUS:**
Requested: ☐ Yes ☐ No    Granted: ☐ Yes ☐ No

LIST EACH CONVICTION BELOW: *(attach additional page if necessary)*
1. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____
2. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____
3. Trial Court Case No. _____    CONVICTION: _____
   Sentence: _____

| POST-JUDGMENT MOTIONS FILED: (complete as appropriate) | Date Filed | Date Denied | Continued by Agreement To *(Date)* |
|---|---|---|---|
| ☐ Motion for New Trial | | | |
| ☐ Motion for Judgment of Acquittal | | | |
| ☐ Motion to Withdraw Guilty Plea | | | |
| ☐ Motion in Arrest of Judgment | | | |
| ☐ Other | | | |

COURT REPORTER(S): Mary King
ADDRESS: Montgomery County Courthouse
Montgomery, Al 36104

APPELLATE COUNSEL: _____
ADDRESS: _____

APPELLANT: (IF PRO SE) AIS# 144883 James E. Body
ADDRESS: Easterling Corr. Fac. - 200 Wallace Dr.
Clio, Al 36107-2615

APPELLEE (IF CITY APPEAL): _____
ADDRESS: _____

I certify that the information provided above is accurate
to the best of my knowledge and I have served a copy of this
Notice of Appeal on all parties to this action on
this 11th day of July, 2005        Melissa Rittenour
                                    CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
| --- | --- | --- |

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:    06-29-05 |
| --- | --- |
| APPELLANT                    JAMES EDWARD BODY | |
| v. STATE OF ALABAMA        ALABAMA BOARD OF PARDONS AND PAROLES | |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___73___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this_____27th_____ day of _____JULY_____, __2005__ .


Melissa Rittenour
Circuit Clerk