

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
SEP 16 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

RECEIVED
SEP 1 6 2005
State Board of
Pardons and Paroles

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-2042                Montgomery Circuit Court CV-05-652

James Edward Body v. Alabama Board of Pardons and Paroles

WISE, Judge.

The appellant, James Edward Body, appeals from the trial court's dismissal of his petition for a writ of certiorari, wherein he sought judicial review of the action of the Board of Pardons and Paroles, (hereinafter "the Board"), in its revocation of his parole.

The circumstances surrounding revocation of Body's parole are as follows: Body's parole officer filed a delinquency report on April 8, 2003, alleging that Body had violated the terms and conditions of his parole because he had been arrested for committing several new offenses, namely: (1) possession of a controlled substance; (2) trafficking in

1

EXHIBIT 2

marijuana; (3) possession of marijuana for personal use; and (4) possession of a firearm while having been convicted of a prior felony. The Board declared Body delinquent on April 29, 2003. A notice to appear at a parole hearing was served on Body on March 17, 2003.

On April 8, 2003, a parole hearing was held with hearing officer Louie Grimes presiding. Body was advised of his rights and Grimes prepared a report of the hearing. In the report, Grimes outlined the evidence relied upon to revoke Body's parole. The report reflects that, on March 5, 2003, the Mobile County Sheriff's Department conducted a search of the residence of Body. During their search of the residence the deputies found: (1) an "eight ball" of cocaine; (2) 2 grams of powder cocaine; (3) 2 ounces of marijuana; (4) approximately $27,278 in cash; and (4) two .45 caliber pistols. A search of Body's vehicle yielded: (1) four hard compressed bricks of what the officer stated was marijuana with a weight of approximately 28 pounds; and (2) a smaller bag containing a smaller amount of marijuana. Hearing officer Grimes recommended to the Board that Body's parole be revoked based on the evidence adduced at the parole hearing. The Board voted to revoke his parole on May 14, 2003.

On appeal, Body argues that he was denied due process when his parole was revoked, in violation of the mandates of Morrisey v. Brewer, 408 U.S. 471 (1972). The record does not support his contention.

Body received written notice of the parole violation charges against him. He was served with written notice of the time and place of his parole court hearing. He was represented by appointed counsel at the parole court hearing. He heard all of the evidence and was afforded the opportunity to confront and cross-examine witnesses. He was afforded the opportunity to diligently defend against the State's evidence. After the hearing, Body was given a copy of the report completed by hearing officer Grimes at the conclusion of the hearing, stating the basis for a finding of guilt. Based on the foregoing, there was sufficient evidence to justify Body's parole revocation; thus, no due-process violation exists. The hearing officer and the parole court followed all requirements set forth in Morrisey v. Brewer, 408 U.S. 471, 485-89 (1972). Body's allegation that the revocation was inadequate and in

violation of his constitutional rights is without merit. Accordingly, we affirm the Board's decision to revoke Body's parole.

**AFFIRMED.**

McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.