IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES EDWARD BODY, #144883  )
                                       )
    Petitioner,        )
                                       )
                                       )
v.                                 )  Case #2:06-CV-231-MHT
                                     )
                                     )
                                     )
GWENDOLYN MOSLEY, et al.,   )
                                     )
    Respondents.      )

**ANSWER TO PETITION FOR**
**WRIT OF HABEAS CORPUS**

Comes now the Respondent, Alabama Board of Pardons & Paroles (hereafter "the Board"), in response to the writ of habeas corpus file by the Petitioner and shows unto the Court the following:

**Respondent's Understanding of the Petition**

Body is challenging a 5-14-03 action of the Alabama Board of Pardons and Parole in revoking his

1

parole. Body is challenging the procedural due process afford him and the sufficiency of the evidence offered.

## Facts

Body was paroled April 3rd, 2000. He was arrested on March 5th, 2003 by Mobile County Sheriff's Office, which resulted in a Report of Parole Violation being prepared March 12th, 2003, charging him with violating four conditions of parole.[1] The Board declared delinquent April 29th, 2003. On March 12th, Body was given Notice of Parole Court Hearing to be held on April 8th, 2003 at the Mobile Metro Jail. Parole Court was held as noticed where Body was found to be guilty on all four charges. Relying on this finding of guilt the Board revoked Body's parole on May 14th, 2003 and reset him for parole in April 2007.

Body challenged his revocation by writ of certiorari in state court. The state courts upheld the

---

[1] Charge 1: Possession of controlled substance. Charge 2: Trafficking in Marijuana. Charge 3: Possession of Marijuana I. Charge 4: Certain Persons forbidden to possess a firearm.

Board's actions.[2] Body now brings the same claims in federal court in the case at bar.

### Petitioner's Claims

1. Body claims he was denied his right of cross-examine witnesses testifying against him.

2. Body claims he was revoked solely upon hearsay.

3. Body claims he was afforded a preliminary hearing, but denied a final revocation hearing.

4. Body claims the state court ruling is contrary to and an unreasonable application of federal law.

Body seeks reinstatement to parole.

### Respondents Arguments

The one-year statute of limitations on filing petitions for writs of habeas corpus bars the action at bar. Writs of habeas Corpus must be filed within one-year from the date the case of action accurse. Body had one year from the date he was revoked from parole (May 14th, 2003) to file his habeas petition. The filing of a state action will stay the one-year time limit until the disposition of the state action and then time

---

[2] Petitioner for writ of certiorari filed on March 10th, 2005 in Montgomery County Circuit Court CV 2005-652 (Judge William Shashy held for the Board); Affirmed on appeal to Alabama Court of Criminal Appeals (CR-04-2042) by memorandum released September 16th, 2005; Petition for writ of certiorari to Supreme Court of Alabama denied February 10th, 2006.

3

begins to run again on the habeas one-year limit. In the case at bar Body had until May 14th, 2004 to file his habeas petition. The one-year statute of limitations ran before Body filed his state action (March 10th, 2005). This action is barred by the one-year statute of limitations on petitions for habeas corpus.

Res judicata bars this action. This action has been fully litigated in the Alabama State courts with a favorable ruling for the Board (See footnote 2). The scope of review on a writ of certiorari in state court is the agency's record (Sanders v. City of Dothan, 642 So.2d 437 (Ala.1994). The following exhibits from the state court are offered for this Court's review.

### Exhibits

| | |
|---|---|
| Exhibit 1 | The record on appeal to the Alabama Criminal Court of Appeals (CR-04-2042) from Montgomery County Circuit Court (CV 05-652), |
| Exhibit 2 | Alabama Court of Criminal Appeals memorandum (CR-04-2042) released 9-16-2005, |
| Exhibit 3 | Alabama Court of Criminal Appeals Certificate of Judgment |

4

      Exhibit 4        Supreme Court of Alabama's Certificate of Judgment denying Petitioner's writ of certiorari.

Body was arrested for new criminal offenses in Mobile County, Alabama that resulted in a Report of Parole violation being prepared (Exhibit 1, p.30). He was declared delinquent by the Board (Exhibit 1, p.33). He was given notice of parole court (Exhibit 1, p.34). Parole court was conducted and a report of the proceeding was prepared that listed the witness testifying, the evidence received and the evidence relied upon in finding Body guilty of parole violations (Exhibit 1, p.35-41). The Board's hearing officer has statutory authority to hear and determine guilt at parole court (Ala. Code 15-22-32).[3] On May 14th, 2003 the Board voted to revoke Body's parole and reset him for further consideration in April of 2007 (Exhibit 1, p.42).

The controlling case setting forth the elements of due process necessary in parole revocation proceedings

---

[3] Ala. Code 15-22-32: (In part) …The board member, parole revocation hearing officer, or a designated parole officer, acting as a parole court, shall, within a reasonable time, conduct the parole revocation hearing to determine guilt or innocence of the charges and may recommend to the board revocation or reinstatement of parole… .

is *Morrissey v. Brewer, 408 U.S. 471 (1972)*.[4] The *Morrissey* court also sets out evidentiary standards and burden of proof standards for parole revocation proceedings. Evidentiary rules are relaxed and the burden of proof is a "reasonably satisfied" standard. Hearsay may be introduced; however, a guilt finding may not be based solely upon hearsay. The hearing officer need only be "reasonably satisfied" of the parolee's guilt, instead of "beyond a reasonable doubt" as in criminal cases.

Body is trying to relitigate the state court action in federal court. This action is barred by res judicata.

Body claims he was denied the right to cross-examine witnesses testifying against him. In his complaint he list several officers involved in his arrest and search of his property that did not attend the parole court hearing. The State did not offer them as witnesses. One officer that was involved in the search and arrest did testify (Officer Roy Cuthkelvin –

---

[4] Morrissey v. Brewer, 408 U.S. 471 (1972): Minimal requirement for due process – (a) written notice of claimed parole violation; (b) disclosure of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) right to confront and cross-examine adverse witnesses; (e) neutral and detached hearing body; and written statement by factfinders as to evidence relied on and reasons for revocation.

6

Mobile County Sheriff's Office) at parole court (Exhibit 1, p.36). Body, being represented by an attorney, was offered the opportunity to question and/or respond to the officer's testimony. Upon advise of counsel Body made no statement (Exhibit 1, p.41). Body is estopped from raising the cross-examination claim after being given the opportunity and refusing, which is equivalent to a waiver of that right.

In his challenge concerning the sufficiency of the evidence offered against him, Body works under the mistaken belief that dismissal of the new criminal charges that form the basis of the parole violations prevents them from being used against him. This issue was litigated in *Johnson v. State, 240 Ga. 526, (Jan. 1978), cert. denied; 439 U.S. 881 (1978).* Parole may be revoked for bad or illegal conduct, even though the parolee is never criminally charged, never criminally prosecuted, the case is dismissed, or he is subsequently acquitted. Parole revocation is not part of the criminal process. Evidentiary rules are relaxed and the burden of proof is "reasonably satisfied" instead of "beyond a reasonable doubt" as in a criminal

7

trial. Body had his parole revoked for illegal activity and the fact the criminal charges were subsequently dismissed is irrelevant.

Body's claim that he was revoked solely upon hearsay is frivolous. Though hearsay was offered, the state court record clearly reflects that one of the officers present at the search and arrest testified at parole court to personal knowledge of the events. The hearing officer states he relied upon that testimony in finding Body guilty (Exhibit 1, p.40).

Body claims he was afforded a preliminary hearing, but "not" a final revocation hearing. Prior to 1999 the Board's revocation process involved a "preliminary hearing" and a "final revocation hearing". In 1999 Ala. Code 15-22-32 was amended to provide for "parole court" (See footnote 3). Parole court is a guilt finding hearing that is held within the requisite time that a "preliminary hearing" would be held. There is no requirement that a preliminary hearing be held where a guilt finding hearing is held in lue of the preliminary hearing. Body received and signed a Notice of Parole Court Hearing (Exhibit 1, p.34). The record reflects

8

Parole Court was conducted on April 8th, 2003 where Body was found guilty (Exhibit 1, p.35). Parole Court satisfies the requirements set out in *Morrissey*, supra, concerning the guilt finding portion of the revocation process. The Board met in open public meeting on May 14th, 2003 and exercised it discretionary decision to revoke Body's parole. Body is working under the mistaken belief that he is entitled to appear before the Board to relitigate the findings of parole court.

Body's final claim is that the state court rulings are contrary to and an unreasonable application of federal law. The standard governing parole revocation is *Morrissey*, supra. *Morrissey* sets forth the elements of due process to which a parolee is entitled before his parole may be revoked (see footnote 4). The state court record has been provided that demonstrates the *Morrissey* standard was met (Exhibit 1, p.30-42). The record reflects Body was given notice of Parole Court and a copy of the charges against him. He was afforded parole court in a reasonable time following the allegations. He was represented by an attorney, allowed to confront the evidence and witnesses against him. The

9

facts were decided by a neutral and detached hearing office with statutory authority to determine guilt. The evidence submitted was legally sufficient to sustain a guilt finding. He was on the distribution list of those persons to receive a copy of the Parole Court Report. He was also on the distribution list of the Board's Action Sheet, indicating his parole had been revoked. The Board's actions and record demonstrates that *Morrissey* was followed and that the Board's action was not contrary to nor an unreasonable application of federal law.

## CONCLUSION

This action is barred by the one-year statute of limitations for filing a writ of habeas corpus.

This action has been fully litigated in state court and that ruling is not contrary to nor an unreasonable application of federal law.

The Board's current revocation procedures were established in light of the *Morrissey* standard for due process. The Board has applied that standard in revoking Body's parole. The scope of review in state court is the agency's record. The agency's record

clearly indicates that the *Morrissey* standard for due process was met.

>
> Respectfully submitted,
>
> TROY KING
> ATTORNEY GENERAL
>
> GREGORY O. GRIFFIN, SR.
> CHIEF COUNSEL
>
>
> s/STEVEN M. SIRMON
> ASSISTANT ATTORNEY GENERAL
> State Bar#: ASB-5949-S61S
> Ala. Bd. Pardons and Paroles
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Fax: (334) 353-4423
> Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 5-31-2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> **JAMES EDWARD BODDY,**
> **ALABAMA AIS# 144883**
> **EASTERLING CORRECTIONAL FACILITY**
> **200 WALLACE DRIVE**
> **CLIO, ALABAMA 36017-2615**

Done this **31**[th] day of **May 2006**.

Respectfully submitted,

s/ STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
steve.sirmon@alabpp.gov