IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES EDWARD BODY, #144 883 | * | |
| Petitioner, | * | |
| v. | * | 2:06-CV-231-MHT |
| | | (WO) |
| GWENDOLYN MOSLEY, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Petitioner James Body on March 7, 2006.[1] In this petition, Petitioner challenges matters concerning the revocation of his parole on May 14, 2003. On March 10, 2005 Petitioner filed a petition for writ of certiorari in the Circuit Court for Montgomery County challenging the revocation of his parole. That court affirmed the parole board's decision. The Alabama Court of Criminal Appeals affirmed the lower court's decision on September 16, 2005. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on

---

[1] Although the present petition was stamped "filed" in this court on March 13, 2006, the petition was signed by Petitioner on March 7, 2006. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Body] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes March 7, 2006 as the date of filing.

February 10, 2006.[2]

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to habeas petitions.  *See* 28 U.S.C. § 2244(d)(1).[3]  Respondents contend that because Petitioner's parole was revoked on May 14, 2003 - **after** the effective date of the statute of limitations -- he must have filed his § 2241 petition within one year of this proceeding, exclusive of the time that any properly filed state post-conviction petition or other collateral review was pending in the state courts.  Respondents concede that Petitioner filed a petition for writ of certiorari in the Circuit Court for Montgomery County, Alabama, on March 10, 2005.  They argue, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending

---

[2]Although Petitioner's current incarceration resulted from an administrative proceeding of the Alabama Board of Pardons and Paroles and not a court, and although Petitioner originally filed his petition under § 2241, he is considered "in custody pursuant to the judgment of a State court," and is, therefore, subject to 28 U.S.C. § 2254 and its attendant restrictions. *See Peoples v. Chatman*, 393 F.3d 1352 (11th Cir.2004) (applying one-year period of limitation found in 28 U.S.C. § 2244(d) to federal habeas petition filed by state prisoner incarcerated upon revocation of his parole who sought to challenge his waiver of parole revocation hearing) (citing *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003)); *see also Dill v. Holt*, 371 F.3d 1301 (11th Cir.2004) (holding that state prisoner who challenged legality of revocation of his parole by filing a habeas petition pursuant to 28 U.S.C. § 2241 was "in custody pursuant to the judgment of a State court" within the meaning of the habeas statute applicable to prisoners in such custody, even though his current incarceration resulted from an administrative proceeding of a state parole board, an executive branch agency, instead of a court; thus, § 2254 and it attendant restrictions applied, including the exhaustion requirement); *Thomas v. Crosby*, 371 F.3d 782 (11th Cir.2004) (reiterating the holding in *Medberry* and applying it to a petitioner in custody pursuant to a state court judgment who challenged a decision of the Florida Parole Commission), *cert. denied*, 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005). The question is whether Petitioner's challenge to the 2003 parole revocation is timely.

[3]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2241 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

It was at the time the Alabama Board of Pardons and Paroles revoked Petitioner's parole in 2003 that Petitioner was or should have been aware of the factual predicate of his claims. Thus, statute of limitations must be measured from the date on which Petitioner's parole revocation became final. *See* 28 U.S.C. § 2244(d)(1). Petitioner's one year limitation period under section 2244(d)(1)(A) began to run on May 14, 2003 and ran uninterrupted until the limitation period expired on May 13, 2004 unless there were pending during that time any properly filed state post-conviction applications or motions/petitions for other collateral review.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a petition for writ of certiorari, this petition was not pending during the running of the limitation period as it was filed after expiration of this time

period.[4]  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that the state collateral petition filed by Petitioner on March 10, 2005 had no affect on the running of the limitation period applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2241 petition.  In light of the foregoing, it is

ORDERED that on or before June 20, 2006 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 31st day of May 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[4] Petitioner filed his petition for writ of certiorari in the Circuit Court for Montgomery County on March 10, 2005 - more than 9 months after § 2244(d)'s one-year period of limitation had expired.