IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES EDWARD BODY, )
    PETITIONER, PRO-SE. )
    VS. ) CASE NO.2:06-CV-231-MHT
GWENDOLYN MOSLEY, ET.AL. ) WRIT OF HABEAS CORPUS 2254
    RESPONDENT, )

PETITIONER'S MOTION FOR THE RESPONDENTS TO SUPPLEMENT THEIR ANSWER UNDER
RULE 7 OF RULES GOVERNING HABEAS CORPUS PROCEEDINGS BEFORE A
UNITED STATES DISTRICT COURT

Comes now the Petitioner in the above styled cause, and hereby moves this honorable court to issue an order to the respondents to supplement their answer to include vital information not included therein.

The petitioner files this action pursuant to rule 7 of rules governing habeas corpus proceedings before a United States District Court. The petitioner states as follows:

(1). The petitioner states that the court will not be able to make a valid determination as to the issues of statue of limitation, use of hearsay, and the denial of the right to due process without the documents the respondents are refering too.

(2). In the respondents answer to the petition. they claim that the law was amended in which allows the board to hold parole court and do not have to hold a final hearing which would over rule the united States Supreme Court's holding in Morrissey v Brewer, 408 U.s. 471 as well as the 24 hour written notice requirement under Wolff v McDonnell, 418 U.S. 539.

(3). The respondent states that the petitioner's name was on the distribution list but has failed to produce a copy of any documents which shows that the petitioner signed or received a copy of the same prior to filing a claim in court.

(4) The respondents further claims that a tape recording of the petitioner talking to his Son was made and introduced into evidence. The record before this court shows that no such tape was submitted to the petitioner or the court as required by the court's order.

RELIEF REQUESTED IN THIS ACTION

The petitioner alleges that the respondents has made allegations that(1).They have an amended policy as to parole court.The petitioner states that pursuant to Code of Alabama 1975 title 41-9-635 as to information on parole violators.The proceedings as to revocations are the same.In Code of Alabama 1975 title 15-22-32 even the amended provisions are pretty much the same.Parole Court is not new in Alabama.see.Lawyer v State,239 so.2d.332(1970)

In the case at bar, the respondents states that their parole court over rules all pre-Morrissey,rulings and they can over rule a Judicial proceeding.In State v Harris,612 so.2d.1117(ala.1992).The court held that there must be cooperation between the court system and the alabama board of pardons and paroles.The court system mandated by statue comes into play only after a defendant has been duly convicted.There is no suggestion that the board possesses any authority over pre-conviction detainees.see.Heck v Humphrey,129 L.ed.2d.383(1994).

The petitioner cannot properly address the respondents allegations as to what evidence they relied on without a supplement to their responese which contains the following:
(1).Disclosure to the parolee of an alleged tape recording of him talking to his son about more drugs.
(2).A copy of a lab report stating that the powder found in the home of the petitioner tested positive for cocine.(We have one that says it was not).
(3).A copy of any testimony from any police who stated that they wanted the petitioner off the street.
(4).A copy of the questions and answers asked by defense counsel and the answers that was given by the officer who testified at the hearings.
(5).A copy of the signed notice of final order or recommendation of the parole hearing officer.
(6).Signed notice of public hearing held 5-14-03, which shows that the petitioner was served a copy prior to the hearing.
(7)The testimony of the officer the petitioner confessed to about turning drugs over to money.
(8).A statement as to why the officer did not state at the hearing that the alleged drugs was taken from another person that the petitioner did not know.

WHEREFORE, the petitioner cannot responde to the respondents allegations that were not maintained at the hearings,without the documents stated herein.

Based on the forgoing, the petitioner files this action and seeks such order as justice requires.

Respectfully submitted;

_____
PETITIONER, pro-se.

CERTIFICATE OF SERVICE
_____

I, hereby certify that I have served a copy of the forgoing to the respondents via U.S.Mail to Hon:Steven Sirmon,p.o.box 302405 Montgomery,Alabama 36130.This the 7th. day of June 2006.

_____
JAMES EDWARD BODY, pro-se.
200 WALLACE DRIVE
CLIO,ALABAMA 36017

cc/jed