IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUN 19 A 10: 27

| | |
|---|---|
| JAMES EDWARD BODY, ) | |
| PETITIONER, ) | |
| VS. ) | CASE NO.2:06-CV-231-MHT |
| GWENDOLYN MOSLEY,ET.AL. ) | |
| RESPONDENT, ) | |

PETITIONER'S RESPONSE AND OBJECTIONS TO
RESPONDENT'S ANSWER TO WRIT OF HABEAS CORPUS

---

Comes now the Petitioner and hereby files this response and objection to the respondents answer to the writ of habeas corpus.The petitioner files this action pursuant to Morrissey v Brewer,408 U.S.471, Williams v Taylor,__L.ed.2d.__ and Teague v Lane,__L.ed.2d.___.The petitioner states as follows:

STATEMENT OF FACTS

The petitioner was brought up on parole violation charges by false claims that he (1). violated parole by possession of a controlled substance to-wit cocaine.The evidence will show that the cocaine that was used against the petitoner was taken from a person named Terrence C. Irving ,who was arrested and charged with the same.The evidence will also show that the alleged cocaine or 8 ball found in the petitioner house turned out to be baking powder.

(2).The petitioner was alleged to have violated parole by traficking in Mar. Juan based on alleged marijuana found in a car parked out beside the street that the police had been following and later stopped.The police then brought the female and her friend in the petitioner's house.

(3).The petitioner was said to have violated parole by possession of marijuana, due to alleged contraband found in a section of his car port.The evidebce will show that during the raid, the police saw the person place the contraband in the area to avoid being cought with it in his possession.The suspect was arrested for the offense.

(4).The petitioner states that the record before this court just as in the the state court proceedings.The evidence was insufficient to support a finding of guilt.In Superintendent v Hill 86 L.ed.2d 445 (1985 ).The United States Supreme Court held that in order to find a inmate guilty, there must be "some evidence" to support the hearing officer's findings.Hearsay do not meet the some evidence requirements.see.Morrissey v Brewer,408 U.S.471.

The respondents claim that the officer who testified before the board at the preliminary or parole court hearing was present when the alleged controlled substances were found.Also the board states that his testimony was not hearsay.In an affidavit by said officer, he states that he didn't find any of the alleged drugs, but that the other officer told him and showed him what they claimed to have found.see affidavit of Deputy Eddie Blackwell attached herewith and incorperated as submitted as part of the record.also see affidavit of Cpl.Cuthkelvin,attached herewith and incorperated as a part of the record herein.

(5).The respondents claim that the petitioner was involved in criminal actions by having in his posession 2 hand guns.The evidence will show that the respondents supressed affidavits from the owners of the guns and both had permits to carry the same.attached to this action are the affidavits of Ms.Jill Body, who states that the gun found in the jacket pocket were her's.Also attached to this action is the affidavit of Michael Tate, who states under oath that the Glock found in the house where he also lives, belong to him.

based on these facts and undisputed evidence, there was no criminal actions committed by the petitioner to support a parole violation.

(6).The petitioner states that the material evidence herein shows that the respondents with held so much evidence of innocents.That this court is requested to order them to supplement their answer to include the questions and answers given by the officer who testified at the hearing.

PETITIONER'S OBJECTIONS TO THE RESPONDENTS
STATUE OF LIMITATION CLAIMS

---

The petitioner alleges that pursuant to 28 U.S.C.2241 and 28 U.S.C.2254(d),the petitioner can seek habeas Corpus review after exhausting all available State remedies.The exhaustion requirement are met when the petitioner file a timely state court proceeding which is made known to him to be resolved.see Wainwright v Sikes,_____(_____).In this case, the petitioner proceeded under 28 U.S.C. 2241 in that he was challenging a parole revocation proceeding under the United States Supreme Court's ruling in Morrissey v Brewer,408 U.S.471.

The petitioner herein will submit the order and finding of the circuit court which states that even though the petitioner was not given a copy of the board's parole court findings.The requirements of Morrissey was met when he received a copy during the court proceedings.see.Order of Judge Shashy, dated may 24,2005.Under the law of the case, the petitioner could not have filed a state court action or federal action until the state Board of pardons and paroles had rendered a final order on his status.see Code of Alabama 1975 title 15-22-32.When the petitioner filed his writ of certiorari in the state courts, that's when he was informed that the board had revoked his parole at a final hearing.He then filed all appeals and this timely habeas corpus in this court.

PETITIONER'S OBJECTION TO THE RESPONDENTS CLAIM THAT
STATE COURTS ADDRESSED HIS CLAIMS.

---

The petitioner objects to the reasoning of the state court in which they never find that due proces was denied when the hearing officer removed the questions and answers made by the state's witness.In the state court proceedings, they make it appear That the petitioner's attorney never cross exaimned the officer who testified at the hearing.This finding is not based on the truth of the matter.The petitioner made no statement, but cross exaimned the state witnes who testified that the substance found in the petitioner house was not cocaine.

The petitioner objects to the finding that parole or probation cannot be revoked based on a charge that was dismissed or no criminal conviction was had.In Grace v State,727 so.2d.881, the law in Alabama is that the mere arrest alone does not in itself justify parole or probation revocation.Assuming for the sake of argument that the state can revoke parole based on a mere arrest.The court in Monroe v Thigpen,932 F.2d.1435(11th.cir.1991) makes it clear that parole cannot be revoked based in whole or in part on false evidence.

In this case, the respondents states that the petitioner was involved in criminal activity based on(1).He possessed cocaine.The cocaine turned out to be baking soda.see exibit 1.(2).trafficking in marijuana.The evidence shows that the police was following a female who turned off the street and parked beside the street in front of the petitioner's house during a search.The female was taken into the petitioner's house and later arrested for trafficking in marijuana.(The same marijuana that the petitioner was charged with).(3).Possession of marijuana.The police reports shows that as they were searching everyone they found.They saw travaris L.Body and Terrence C.King,where they later found what they stated was marijuana.see affidavit of Deputy Wayne Goolsby.(4).The the respondents claimed that the petitioner was in possession of two hand guns.

The material evidence shows that the officer at the hearing with held the facts that the persons who the guns belonged too has claimed them and they was returned to them.So, based on the law of the case and the some evidence rule of Superintendent v Hill,86 L.ed.2d.445.There was no evidence to support the hearing officer's findings.The petitioner would also state for the record that he was revoked based on his hireing an attorney and not pleading guilty.This made the hearing officer mad at the petitioner and this is stated in both the findings of the hearing officer and the circuit court.

LEGAL FACTS AND DUE PROCESS OF LAW

The petitioner states that he was denied due process of law under Morrissey v Brewer, 408 U.S.471. In Morrissey, the court held that the minimum requirements of due process are as follows:
(written notice of claimed parole violation.
When the petitioner was given his notice, he was never told anything that he was guilty or accused of making a phone call telling his son about other drugs that were in the house. Based on Morrissey, the petitioner was denied the notice requirements.
(2). Disclosure of the evidence against him.
The petitioner states that at no time did he received any evidence that there was a tape recording of his talking to anyone as alleged by the hearing officer and the police at the hearing. The first time the petitioner heard this was at the hearing. Also, the petitioner was not aware of any officers with the mobile police of sheriff department that wanted him off the street. This information was only mentioned for the first time at the parole court hearing.
(3). Oppertunity to be heard in person and to submit documentary evidence. The evidence shows that at the hearing, the petitioner did not make a statement, but had counsel who cross examine the police and obtained testimony favorable to him that was removed from the files and record before the board. He also had evidence which showed that the alleged controlled substance claimed to be cocaine, turned out to be baking powder. This evidence was favorable to the petitioner and denied to be considered.
(4). The right to confront and cross examine adverse witnesses against him.

The evidence shows that during the alleged search, the officer who testified at the hearing stated that he was present at the time of the search, but only testified that he was with the petitioner and never seen anyone find anything. He only testified to what he was told by the other officers. Under the law of the case, this is hearsay and violated due process of law.

(5). a neutral and detached hearing body. The petitioner states that it is a known fact that Louis Grimes is a parole board member. During the hearing, the hearing officer never placed any evidence in the record favorable to the petitoner. He removed all statements that was made by the officer which stated that he was

testifying to what he was told.Also he stated that the reason the charges wa dismissed against the petitioner was that (1).The so-called cocaine that was found turned out to be baking powder,(2).The marijuana found belonged to a female that had nothing to do with the petitioner,(3) The marijuana found out side was seen being placed there by other defendants who was arrested thereof. and (4).The guns was claimed by persons who had permits to carry the same.

The evidence shows that the reason the respondents did not allow the petitioner to know what they had submitted before the board was because his attorney had already stated he was going to submit his case to the board and had submitted a letter of remittence thereto.see.letter of _Donald M. Briskman_ ,ATTACHED HEREWITH AND INCORPERATED AS A PART OF THE RECORD HEREIN.

### FINDING OF THE ALABAMA COURT OF CRIMINAL APPEALS

The petitioner states that the court is asked to take judicial notice of the findings of the alabama court of criminal appeals.It is a known fact that the record submitted to the appellants in alabama are not the same submitted to the courts of appeals.In the circuit court ruling, tha court states that the petitioner received a copy of the boards action when they submitted a copy of the same with their answer to the wriT filed therein.Exibit _7_ .The court of criminal appeals states that the petitioner received a copy of the hearing officers findings at the end of the parole court proceedings.

Also the court of criminal appeals found that the marijuana was found in the petitioner's car, the officer stated that the marijuana was found in a car belonging to another person.The court also states that the petitiooner was represented by appointed counsel, the petitioner hired his own attorney for the hearings to protect his rights which did not work because after the hearing, Mr.Grimes fabracated the testimony and evidence.The court also stated that the petitioner was afforded the opportunity to confront and cross examine witnesses, meaning all police involved in the case.That did not happen as stated by the

court.The record shows that at some point the court even stated that the petitioner was given the opportunity to diligently defend against the state's evidence.The record before this court shows that at no time was the petitioner allowed to hear or see the tape they relied on at the hearing, nor was he allowed to even know about what officers stated they wanted him off the streets.

In reviewing the state court's findings, they never addressed the evidence or the lack thereof. They invented facts and evidence that are not in this record.The bases of such acts is to hide the facts that they did not follow Morrissey and therefore violated the petitioner's rights as stated herein.

> CAUSE AND PREJUDICE AND A FUNDAMENTAL MISCARRIAGE OF JUSTICE IF THIS PETITION IS NOT ADDRESSED ON MERITS.

The petitioner states that in no event did the state of alabama follow the mandates of Morrissey v Brewer,408 U.S.471.The material evidence shows that they hide the findings of parole officer Louis Grimes to keep the petitioner's attorney from appearing before the board with evidence which shows that the alleged drugs used to revoke him was not cocaine as alleged, the so-called marijuana was someone else who the petitioner did not know and the other marijuana discovered was seen being placed where it was found.The two guns was claimed and returned to its owners and based on these facts, there was no criminal activity to revoke the petitioner's parole

What is plainly stated in the parole revocation proceedings is a favor being requested and granted by an officer who was shown to be dirty.see exibit  11  .
In view of the case, the petitioner cannot be held liable under 28 U.S.C.2241 or 28 U.S.C.2254 for failing to file a meritless,unexhausted petition in which the parole board had not rendered a ruling on his parole revocation.When the state interferes with a defendants access to the courts.The end results cannot be contributed to him.see.Lweis v Casey,__L.ed.2d.____.

WHEREFORE, based on the forgoing and the undisputed evidence herein.The petitioner has established an entitlement to relief herein.

respectfully submitted;

_____
PETITIONER, pro-se.

CERTIFICATE OF SERVICE

I, hereby certify that I have served a copy of the forgoing to the respondents via U.S.mail this the 7th. day of June 2006.

_____
JAMES E.BODY, pro-se.
200 WALLACE DRIVE
CLIO,ALABAMA 36017

COPY TO:HON:STEVEN SIRMON
P.O.BOX 302405
MONTGOMERY, ALABAMA 36130.

cc/jeb