IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

JAMES EDWARD BODY, )
    AIS # 144883 )
    Petitioner, )
)
)
Vs. )  CASE NO. CV 05-652
)
STATE OF ALABAMA BOARD )
OF PARDONS & PAROLES )
)
    Respondent. )

## FINAL ORDER

The Petitioner comes challenging the Alabama Board of Pardons and Paroles actions in revoking his parole. The law in Alabama is well settled that judicial review of a Parole Board action is by writ of certiorari. The standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence. *Sanders v City of Dothan*, 642 So.2d 437 (Ala. 1994).

Petitioner claims he was denied due process by not being afforded a copy of the parole court hearing officer's report and not being allowed to cross-examine witnesses testifying against him.

Petitioner further claims due process violations resulting from being revoked due to new criminal charges that were dismissed.

The Court having reviewed Petitioner's complaint and the Board's response is of the following opinion:

Petitioner's claim that he was denied a copy of the parole court hearing officer's report may be a valid claim, but has now been made moot. The Board filed a copy of that report with their answer to this court and served Petitioner a copy. The Respondents revocation record (Parole Court report) also shows the "parolee" on the distribution list to receive a copy of that report.

Petitioner's claim that he was deprived of the right to cross-examine witnesses testifying against him is without merit. The Parole Court report indicates Petitioner was represented by an attorney and offered the opportunity to mitigate the charges against him. This record indicates Petitioner made no statement upon advice of counsel.

The Board's revocation record appears to contain no procedural defect that violates the Morrissey due process standard. Under a "reasonably satisfied" standard there appears to have been sufficient evidence offered for a hearing officer to find that parole was violated.

Petitioner's claim that his due process rights were violated when he was revoked because of a new criminal charge that was dismissed, is also without merit. This issue was settled in *Crowe v. State*, 671 So.2d 1112, Ala.Crim.App.1995 and *Johnson v. State*, 240 Ga. 526 (Ga. 1978), cert. denied, 439 U.S. 881 (1978).

The lack of a conviction on a new criminal offense does not preclude probation or parole from being revoked. *Morrissey v. Brewer*, 408 U.S. 471 (1972) only requires a parolee be provided a due process hearing and that the hearing officer be "reasonably satisfied" that the parolee's conduct violated a condition of parole.

It is, therefore, **ORDERED, ADJUDGED and DECREED**, that this action is due to be dismissed for lack of a genuine issue as to any material fact and the Board is entitled to judgment as a matter of law.

Done this 24 day of May 2005.

_____
WILLIAM A. SHASHY
Circuit Judge

James E. Body ✓
Donald Briskman ✓
Steve Sirmon ✓