IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BODY, #144883, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:06cv231-MHT |
| ) | (WO) |
| ) | |
| GWENDOLYN MOSLEY, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus relief under 28 U.S.C. § 2241 filed by Alabama inmate James Edward Body on March 7, 2006. By his petition, Body challenges matters concerning the revocation of his parole in May 2003.

**I.   PROCEDURAL HISTORY**

In April 2000, Body was released on parole from a state sentence he was serving for an Alabama conviction. He remained on parole until his arrest on various controlled-substance and weapons charges in Mobile County, Alabama, in March 2000, which resulted in a report of parole violation being filed by his parole officer. (*Respondents' Exhibit 1* at 30.) A notice to appear at a parole-court revocation hearing was served on Body on March 17, 2003. (*Respondents' Exhibit 1* at 34.) The revocation hearing was held on April 8, 2003, after which the hearing officer found Body guilty of violating the terms of his parole and recommended to the Alabama Board of Pardons and Paroles ("Board") that his parole be revoked. (*Respondents' Exhibit 1* at 35-41) On May 14, 2003, the Board voted to revoke

Body's parole. (*Respondents' Exhibit 1* at 42.)

On or around February 14, 2005, Body filed a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama, alleging that his parole was revoked in violation of the due process mandates of *Morrissey v. Brewer*, 408 U.S. 471 (1972).[1] (*Respondents' Exhibit 1* at 4-10.) After that court affirmed the Board's decision, Body appealed to the Alabama Court of Criminal Appeals, which affirmed the lower court's decision on September 16, 2005. (*Respondents' Exhibit 1* at 62-67; *Respondents' Exhibit 2*.) Body then petitioned the Alabama Supreme Court for a writ of certiorari, which was denied on February 10, 2006. (*Respondents' Exhibit 4*.)

Body filed the instant § 2241 petition for habeas corpus relief on March 7, 2006,[2] asserting, as he did in the state courts, that his parole revocation proceedings failed to comport with *Morrissey*'s due process requirements. (*See* Doc. Nos. 1 & 2.) Pursuant to the orders of this court, the respondents filed an answer (Doc. No. 12) in which they argue, *inter*

---

[1] In *Morrissey*, the Supreme Court held that constitutional due process requires that prior to revocation of parole, a parolee must receive the following: (1) advance written notice of the alleged parole violations; (2) disclosure of the evidence against him; (3) a hearing before a "neutral and detached" hearing body; (4) the opportunity to be heard in person and to call witnesses and present evidence; (5) the right to confront and cross-examine adverse witnesses, unless good cause is found for not allowing confrontation; and (6) a written statement by the factfinders setting out the evidence relied on and the reasons for revoking parole. *See* 408 U.S. at 489.

[2] Although the present petition was date-stamped "received" in this court on March 13, 2006, the petition was signed by Body on March 7, 2006. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Body] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)

*alia*, that Body's petition is barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Body was afforded an opportunity to respond to the respondent's submissions and has done so. (Doc. No. 14.) After due consideration and upon review of the petition, the pleadings, and the record, the court concludes that Body's petition is due to be denied as it was not filed within the applicable one-year period of limitation.

## II. DISCUSSION

**A.    Period of Limitation**

The AEDPA was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year period of limitation on petitions for habeas corpus relief. This limitation period is codified at 28 U.S.C. § 2244(d) and provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>    (D) the date on which the factual predicate of the claim
> or claims presented could have been discovered through the
> exercise of due diligence.

For purposes of the limitation period, subsection D of § 2244(d)(1) applies under the circumstances of this case. It was no later than the time at which the Board revoked Body's parole on May 14, 2003, that Body was or should have been aware of the factual predicate of his claims regarding the supposed failure of his revocation proceedings to comport with *Morrissey*'s due process requirements. *See* § 2241(d)(1)(D). A literal application § 2244(d)(1) thus renders Body's federal habeas petition untimely, as it was filed in this court on March 7, 2006, well past the one-year period.

**B.    Tolling**

The AEDPA's limitation period is subject to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). When Body sought review of his parole revocation by filing a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama, on or about February 14, 2005,[3] the one-year limitation period contained in § 2244(d)(1) had already expired. Thus the statutory tolling provision in § 2244(d)(2) does not save Body's

---

[3]Under Alabama law, the initial review of revocation proceedings by the parole board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Ex parte Alabama Bd. of Pardons and Paroles*, 849 So. 2d 255, 257 (Ala. Crim. App. 2002).

March 7, 2006, federal petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *see also Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Under exceptional circumstances, the AEDPA's limitation period may be equitably tolled. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The doctrine of equitable tolling applies "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (quotation omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence. *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000)

Body has failed to assert matters to indicate the existence of "extraordinary circumstances" that might warrant an equitable tolling of the limitation period in his case. While he alleges that he did not receive a copy of the report that was completed by the parole-court hearing officer at the conclusion of his revocation hearing until he filed his petition for a writ of certiorari in the Montgomery County Circuit Court, it is clear, as

indicated above, that Body had the factual predicate for his claim that the revocation proceedings did not comport with *Morrissey*'s due process requirements no later than the time at which the Board revoked his parole on May 14, 2003.[4]  Body asserts neither an impediment nor a justification that prevented the timely filing of his federal petition following the revocation of his parole. Moreover, he cannot show that he diligently pursued his rights. Consequently, the court finds no basis upon which to apply equitable tolling in this case. [5]

---

[4]The Alabama Court of Criminal Appeals found that after the parole-court revocation hearing, Body was given a copy of the report completed by the hearing officer at the conclusion of the hearing, stating the basis for a finding of guilt. (*Respondents' Exhibit 2* at 2.) The parole-court report indicates that Body was on the distribution list to receive a copy of that report. (*See Respondents' Exhibit 1* at 35.)

[5]In asserting that the *Morrissey* requirements were not followed in his case, Body mistakenly characterizes the parole-court revocation hearing before the hearing officer as a "preliminary hearing" and claims that he was not afforded a "final" revocation hearing as contemplated by *Morrissey*. In *Morrissey*, the Supreme Court held that a parolee is entitled to two hearings: a preliminary hearing at the time of arrest and detention, to determine whether probable cause exists to believe that the parolee has committed a parole violation, and a more comprehensive hearing prior to making the final revocation decision. 408 U.S. at 485-89. However, the Court in *Morrissey* cautioned that it did not intend to lay down a rigid structure for parole revocation procedures: "[D]ue process is flexible and calls for such procedural protections as the particular situation demands.... [N]ot all situations calling for procedural safeguards call for the same kind of procedure." 408 U.S. at 481. Courts applying *Morrissey* have recognized that its holding does not mandate two hearings and that consolidating the preliminary and final revocation hearings into a single proceeding is constitutionally permissible, so long as the matter is heard promptly within a reasonable time after the parolee's arrest or a neutral tribunal has found probable cause that the parolee has violated a condition of parole. *See Ellis v. District of Columbia*, 84 F.3d 1413, 1423-24 (D.C. Cir. 1996) ); *Pierre v. Washington State Bd. of Prison Terms and Paroles*, 699 F.2d 471, 473 (9th Cir. 1983). *See also Moody v. Daggett*, 429 U.S. 78, 86 n.7 (1976); *Sneed v. Donahue*, 993 F.3d 1239, 1241 (6th Cir. 1993); *Doyle v. Elsea*, 658 F.2d 512, 516 (7th Cir. 1981) (holding that a parolee's right to a preliminary hearing is vitiated where the parolee has been arrested for a crime committed while on parole, even though not convicted). Section 15-22-32, Ala. Code 1975, provides for only one parole revocation hearing. That statute authorizes the Board to designate a hearing officer to hear evidence and determine whether a parolee is guilty of a parole violation and then recommend to the Board

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus filed by Body be denied as it was not filed within the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 30, 2008. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 17th day of January, 2008.

                                         /s/Wallace Capel, Jr.
                                         WALLACE CAPEL, JR.
                                         UNITED STATES MAGISTRATE JUDGE

---

whether parole should be revoked. Thus, under Alabama's statutory scheme, the hearing officer performs as the "neutral and detached" hearing body and factfinder contemplated by *Morrisey*.